**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard BONAT, Defendant–Appellant.**

No. 95–10556.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1996.

Decided Feb. 14, 1997.

John E. Charland, Phoenix, Arizona for defendant-appellant.

Frederick A. Battista, Assistant United States Attorney, Phoenix, Arizona for plaintiff-appellee.

Before: HUG, Chief Judge, REAVLEY * and LEAVY, Circuit Judges.

HUG, Chief Judge:

Richard Leno Bonat appeals his sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Bonat claims that the three prior burglary convictions the district court relied upon in determining the ACCA applied were not violent felonies, thus the ACCA is not applicable to him and his sentence should be reduced. Bonat's primary contention is that the district court improperly considered the transcript from the plea proceedings of two of his convictions to determine that he pled guilty to generic burglary. We hold that examining the plea transcript was not an impermissible factual inquiry and therefore the district court properly considered the transcript. Bonat also claims that both the ACCA and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) are unconstitutional exercises of the commerce clause power, and that his 15–year sentence was unconstitutionally disproportionate to the crime he committed. We have jurisdiction under 28 U.S.C § 1291 and 18 U.S.C. § 3742 and affirm.

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

## I.

On September 21, 1993, detectives from the Chandler, Arizona police department went to an apartment in Mesa, Arizona with the intention of interviewing an individual, other than Bonat, concerning a drug investigation. After several knocks on the apartment door, Bonat emerged. During the ensuing discussion one of the officers noticed a handgun in Bonat's waistband. The officers confiscated the gun, and after learning that Bonat was a felon, arrested him and charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Government sought a sentence enhancement for this charge pursuant to 18 U.S.C. § 924(e) because Bonat had three previous burglary convictions which the Government contended were violent felonies. On August 30, 1995, in the District of Arizona, Bonat pled guilty to being a felon in possession of a firearm. Under the terms of the guilty plea, Bonat admitted he had been convicted of the three prior burglaries but he did not concede that these convictions were for violent felonies. The district court determined that all three burglaries were violent felonies under § 924(e), thus the ACCA mandated a minimum sentence of 15 years. The plea agreement preserved Bonat's right to appeal the determination that the burglaries were violent felonies and to appeal the constitutionality of the ACCA and its application to him.

## II.

Bonat first claims that none of the three prior burglaries were violent felonies for purposes of 18 U.S.C. § 924(e). Whether a conviction is a predicate felony under the ACCA is reviewed *de novo. United States v. Kilgore,* 7 F.3d 854, 855 (9th Cir.1993).

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person who has been convicted of a felony to possess a firearm. Under 18 U.S.C. § 924(e), anyone who has been convicted of·three violent felonies and is subse-

quently convicted of a § 922(g)(1) violation shall receive a minimum sentence of 15 years in prison.[1] "Burglary" is specifically mentioned as a violent felony.[2] Because the definition of burglary varies from state to state, and because the ACCA does not define burglary, the Supreme Court determined that "burglary" should be given a generic, nationwide definition. *Taylor v. United States,* 495 U.S. 575, 592–93, 110 S.Ct. 2143, 2154–55, 109 L.Ed.2d 607 (1990). For a statute to constitute generic burglary, it must contain at least the following elements: "[1] an unlawful or unprivileged entry into, or remaining in, [2] a building or structure, [3] with intent to commit a crime." *Id.* at 599, 110 S.Ct. at 2158.

 In determining whether a prior conviction was for generic burglary, the sentencing court must apply a categorical approach. *Id.* at 600, 110 S.Ct. at 2159. That is, the sentencing court may only look to the statutory definitions of the prior offenses and may not examine the particular facts underlying the convictions. *Id.* If the statute is broader than generic burglary and would allow a defendant to be convicted even if a jury was not required to find all of the above elements, the conviction is not for generic burglary and thus cannot be considered a violent felony for purposes of the ACCA.

 *Taylor* provides an exception to this categorical approach in a "narrow range of cases where a jury was actually required to find all the elements of generic burglary." *Id.* at 602, 110 S.Ct. at 2160. For example, if a burglary statute allowed conviction if a defendant unlawfully entered either an automobile or a building with the intent to commit a crime, that statute would be too broad because it did not require that the defendant enter a building or other structure. *Id.* However, if the defendant was only charged with entering a building and the jury "necessarily" had to find an entry into a building to

convict, this would satisfy *Taylor* even though the statute on its face was broader than generic burglary. *Id.* As with the categorical approach, inquiry into the underlying facts of the conviction is also prohibited under this exception. *United States v. O'Neal,* 937 F.2d 1369, 1373 (9th Cir.1991). Therefore, an offense constitutes "burglary" for the purposes of the ACCA "if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160. With this background, we turn to the specifics of the burglary convictions that the district court relied upon in enhancing Bonat's sentence.

### a. Arizona Convictions

 In 1989, Bonat pled guilty to two separate charges of the same Arizona statute for second degree burglary. This statute, on its face, meets the definition of generic burglary.[3] However, the Arizona courts have expanded the statute beyond generic burglary because they have interpreted the statute to allow a conviction even if the intent to commit the crime was formed after entering the structure and/or the entry was privileged. *See State v. Belcher,* 161 Ariz. 133, 134, 776 P.2d 811 (Ct.App.1989) ("The requisite intent to commit burglary may be formed after a person enters a store in all innocence."); *State v. McGuire,* 131 Ariz. 93, 96, 638 P.2d 1339 (1981) (defendant's crime constituted second degree burglary under A.R.S. § 13–1507 even though the defendant's entry into the home was privileged). Because the statute as construed by the Arizona courts expands the definition of burglary beyond generic burglary, reliance on these convictions is only appropriate if *Taylor*'s

---

1. "In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years...." 18 U.S.C. § 924(e)(1).

2. "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that is *burglary,* arson, or extor-

tion...." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

3. "A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." Ariz.Rev. Stat. § 13–1507.

narrow exception is met. *See, e.g., Guaranty Trust Co. v. Blodgett,* 287 U.S. 509, 513, 53 S.Ct. 244, 245, 77 L.Ed. 463 (1933) ("[W]e are bound by the decision of [the state] court as though the meaning as fixed by the court has been expressed in the statute itself in specific words.").

In deciding that Bonat pled guilty to two counts of generic burglary in Arizona state court, the district court considered the Information and the Sentence of Imprisonment for those convictions, but primarily relied on Bonat's statements from the Arizona change of plea proceedings. Without considering Bonat's statements from the plea proceedings, the record was insufficient to support a finding of generic burglary because neither the Information nor the Sentence of Imprisonment included the requisite "intent" element. Bonat claims the district court's reliance on the plea allocution is a factual inquiry that is forbidden by *Taylor.*

■ It is well accepted that the *Taylor* analysis applies not only to convictions resulting from a jury finding of guilt, it also applies when the defendant has pled guilty. *O'Neal,* 937 F.2d at 1373; *United States v. Sweeten,* 933 F.2d 765, 769 (9th Cir.1991). Because there are no jury instructions to consider when a defendant has pled guilty, courts must be able to consider documents other than the charging paper and the jury instructions, the two documents *Taylor* specifically mentioned. *E.g., United States v. Adams,* 91 F.3d 114, 116 (11th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 623, 136

L.Ed.2d 546 (1996) (collecting cases). Therefore, the critical issue facing this court is to decide what documentation may properly be considered in determining whether a conviction was for generic burglary. In deciding this issue, we are mindful of the evil *Taylor* sought to prevent—inquiries into the underlying facts that would essentially turn the sentencing hearings into mini-trials on the issue of whether the prior crimes were committed. *Taylor,* 495 U.S. at 601, 110 S.Ct. at 2159–60.

We have previously decided that in determining if a defendant pled guilty to generic burglary, considering the indictment and the judgment of conviction does not constitute a factual inquiry forbidden by *Taylor. O'Neal,* 937 F.2d at 1373. We have also determined that it is proper for the district courts to consider a signed guilty plea. *Sweeten,* 933 F.2d at 772. In *Sweeten,* we determined that not only could the district court consider a signed guilty plea to determine if the defendant pled guilty to generic burglary, we held that it was error not to consider "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Sweeten,* 933 F.2d at 769–70.[4] We determined that to hold otherwise would frustrate Congress's intent in enacting the sentence enhancements for armed career criminals and would "improperly constrict the meaning of *Taylor." Id.* at 772.[5]

■ Although in the instant case, the district court relied upon the transcript from the plea proceedings instead of a signed

---

4. In *O'Neal* we decided that because the sentencing court is "limited to a review of the indictment or other charging papers and the resulting judgment of conviction; no inquiry into the underlying facts is involved." *O'Neal,* 937 F.2d at 1373. We do not read *O'Neal* as limiting consideration to the charging papers and the judgment of conviction. Rather, *O'Neal* and *Sweeten* simply provide examples of what documents may be considered by the district court without resulting in a forbidden factual inquiry. *See United States v. Alvarez,* 972 F.2d 1000, 1005 (9th Cir.1992), *cert. denied,* 507 U.S. 977, 113 S.Ct. 1427, 122 L.Ed.2d 795 (1993) (citing both *Sweeten* and *O'Neal* for the proposition that documents other than the charging paper and the jury instructions

may be used to show that *Taylor's* narrow exception has been met).

5. In *Sweeten* we determined that the Texas burglary statute in question met the definition of generic burglary. However, we alternatively decided that even if the statute did not meet the definition of generic burglary, the signed guilty plea indicated that the defendant had actually pled guilty to generic burglary, and that it was error not to consider this document. This is consistent with *Sweeten's* earlier discussion of § 924(e)(2)(B)(i) which held that it was error to not look to "documentation or judicially noticeable facts that clearly establish" that the conviction was for a crime that had use of force as an element. *Sweeten,* 933 F.2d at 769.

guilty plea itself, we see no meaningful difference between the two. Examining the plea transcript is no more of a factual inquiry than examining a signed plea statement. Instead of a written admission that Bonat committed the crime, this was simply an oral admission that was later transcribed. We are not alone in interpreting *Taylor* to allow such information to be considered. *See Adams,* 91 F.3d at 116 (district court may rely on presentence investigation report to determine that the defendant pled guilty to generic burglary); *United States v. Hill,* 53 F.3d 1151, 1154 (10th Cir.) (en banc), *cert. denied,* —— U.S. ——, 116 S.Ct. 258, 133 L.Ed.2d 182 (1995) (district court may consider text of guilty plea and/or other documents that, coupled with the charging instrument, enable the court to determine that defendant's prior conviction was for generic burglary);[6] *United States v. Harris,* 964 F.2d 1234, 1236–37 (1st Cir.1992) (Breyer, C.J.) (district court may consider uncontested current presentence report to determine if defendant was charged with a violent felony); *United States v. Taylor,* 932 F.2d 703, 709 (8th Cir.), *cert. denied,* 502 U.S. 882, 112 S.Ct. 232, 116 L.Ed.2d 188 (1991) (district court may rely on transcript from the guilty plea proceedings in state court); *United States v. Gallman,* 907 F.2d 639, 645 n. 7 (7th Cir.1990), *cert. denied,* 499 U.S. 908, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991) (district court should refer to the plea agreement or plea transcript to determine if defendant pled guilty to generic burglary). Therefore, we hold that the district court properly relied on the plea transcript in determining that Bonat pled guilty to two counts of generic burglary in Arizona.

### b. Oklahoma Conviction

■■■■ The third conviction relied upon by the district court was Bonat's 1989 guilty plea to a single count of second degree bur-

glary in Oklahoma. The Oklahoma burglary statute is also broader than the definition of generic burglary because a person can be convicted under this statute for breaking and entering into a variety of objects, such as railroad cars and automobiles.[7] However, because we find that the narrow exception to *Taylor* was met, we hold that Bonat's conviction was for generic burglary. The Oklahoma Information only charged Bonat with burglarizing a residence, along with the other elements of generic burglary; Bonat was not charged with entering an automobile, or any other object besides the residence. Therefore when Bonat pled guilty to the crime charged in the Information, he necessarily pled guilty to generic burglary.

■■■■ Bonat challenges the use of the Oklahoma conviction as a violent felony on the ground that the district court relied on insufficient documentation in determining that he pled guilty to generic burglary. The record in front of the district court included the Oklahoma Information and the Judgment on Plea of Guilty. In sentencing Bonat, the district court stated, "the information provided in the Oklahoma conviction fairly indicates that there was a residential burglary." Bonat argues that the district court's mention of "the information" only referred to the charging document, and by negative implication, the court was not relying on the other documents. If the district court relied solely on the charging instrument, this was error. *See United States v. Parker,* 5 F.3d 1322, 1327 (9th Cir.1993) ("[S]entencing court may not rely upon the charging paper *alone* in determining if a prior jury conviction was for a 'violent felony.' "). However, a plain reading of the district court's sentencing remarks leads us to believe that the district court relied on both the Information and the Judgement on Plea of Guilty. Even if we

---

6. *Hill* determined there was sufficient documentation to support a finding of generic burglary despite the government's failure to offer a "written plea agreement or transcript of the plea hearing." *Hill,* 53 F.3d at 1154. This suggests that the Fifth Circuit would allow the district court to consider a transcript of the plea hearings.

7. "Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree." Okla.Stat.Ann. 21 § 1435.

agreed with Bonat that the district court only relied on the charging document, we would affirm because the Judgment on Plea of Guilty shows that Bonat did in fact plead guilty to second degree burglary as charged in the Information, and the Information included all the elements of generic burglary. *See United States v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1988) (a plea of guilty is an admission that the defendant "committed the crime *charged* against him") (quoting *North Carolina v. Alford,* 400 U.S. 25, 32, 91 S.Ct. 160, 164–65, 27 L.Ed.2d 162 (1970) (emphasis added)).

## III.

Bonat next argues that § 922(g)(1) violates the commerce clause in light of *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), in which the Supreme Court held that 18 U.S.C. § 922(q) is unconstitutional. In *United States v. Hanna,* 55 F.3d 1456 (9th Cir.1995), we determined that *Lopez* did not affect our prior decision in *United States v. Sherbondy,* 865 F.2d 996 (9th Cir.1988) that § 922(g)(1) is a constitutional exercise of Congress's commerce clause powers. *Hanna,* 55 F.3d at 1462 & n. 2. We need not reconsider this settled issue.

■■■ Bonat also argues that in light of *Lopez,* § 924(e) is an unconstitutional exercise of Congress's commerce clause powers. Because § 924(e) is only implicated when a defendant has been convicted of three prior violent felonies, regardless of whether these felonies were for wholly intrastate activity, Bonat argues that the requisite connection to interstate commerce does not necessarily exist. However, because "the Armed Career Criminal Act is a sentence enhancement and not a separate statutory offense," we reject Bonat's claim. *United States v. West,* 826 F.2d 909, 911 (9th Cir.1987). As long as a sufficient nexus exists between the underlying offense—felon in possession of a firearm—and interstate commerce, the commerce clause concerns are satisfied for both the underlying offense and the aggravating factors. *United States v. Presley,* 52 F.3d

64, 67 (4th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995). There does not have to be a nexus between the aggravating factors themselves and interstate commerce. Because there is a sufficient nexus between Bonat's § 922(g)(1) violation and interstate commerce, the sentence enhancement has the same nexus to commerce and thus does not violate the commerce clause.

## IV.

■■■ Bonat's final contention is that his 15–year sentence is unconstitutionally disproportionate to the crime he committed because he was simply in possession of a firearm but he had never used a firearm in the commission of any crime. However, because successful challenges to the proportionality of sentences are "exceedingly rare," *Solem v. Helm,* 463 U.S. 277, 289–90, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983), and because Bonat's crime and sentence are similar to others that have withstood proportionality challenges, we affirm the length of his sentence. In *United States v. Baker,* 850 F.2d 1365, 1372 (9th Cir.1988), we held that a 15–year sentence enhancement for being an armed career criminal in violation of 18 U.S.C. § 1202(a) did not violate the Eighth Amendment.[8] In *Baker* we decided that the 15–year sentence was closer to the circumstances in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), in which the Supreme Court upheld a life sentence for a person who had been convicted of three non-violent felonies but who was eligible for parole after 12 years, than the circumstances in *Solem,* in which the Supreme Court held that a mandatory life sentence without parole was unconstitutional as applied to a defendant who had been convicted of seven non-violent felonies. *Baker,* 850 F.2d at 1372. In *Solem,* the Court explained that in deciding that the sentence in *Rummel* was constitutional, the Court "relied heavily" on the fact that the defendant would be eligible for parole after "only" 12 years. *Id.* at 297, 100 S.Ct. at 1151. Bonat's circum-

---

**8.** Section 1202(a) was the predecessor of the sentence enhancement provision of the ACCA. Section 1202(a) was repealed on November 15, 1986 and recodified at 18 U.S.C. §§ 922(g) and 924(c)(1). *Baker,* 850 F.2d at 1367 n. 1.

stances and sentence are not sufficiently different from the sentences in *Rummel* or *Baker,* and we therefore conclude that the sentence is not constitutionally disproportionate to Bonat's crime.

AFFIRMED.