134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry C.Q. CARRIAGA, Defendant-Appellant.
 No. 97-10151.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Jan. 23, 1998.
 
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harry Cyril Quintanilla Carriaga appeals his sentence as an armed career criminal imposed after his guilty plea to firearm possession by a felon in violation of 18 U.S.C. § 922(g)(1). He contends that the government failed to establish the existence of two prior burglary convictions used to enhance his sentence under 18 U.S.C. § 924(e). He also contends that the government failed to prove that either of the prior convictions was a violent felony conviction and thus qualified as a predicate offense under § 924(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 First, Carriaga contends that the government failed to meet its burden of proving the fact of the prior burglary convictions because it submitted only two prior presentence reports that listed the prior burglaries, rather than the Guam court records, which had been lost. This contention lacks merit.
 
 
 4
 In determining whether prior convictions qualify as predicate offenses under the armed career criminal provisions of 18 U.S.C. § 924(e), the district court must " 'look only to the statutory definitions of the prior offenses, and not to the particular facts under lying those convictions.' " United States v. Wofford, 121 F.3d 787, 792 (9th Cir.) (quoting Taylor v. United States, 495 U.S. 575, 600 (1995), cert. denied, 118 S.Ct. 233 (1997). Thus, the district court may consider only "the statutory definition of the crime, any conduct charged in the indictment or information, the defendants's guilty plea or plea agreement, and any jury instructions." United States v. Wood, 52 F.3d 272, 275 (9th Cir.) (construing U.S.S.G. § 4B1.2), cert. denied, 116 S.Ct. 217 (1995). The district court may not rely on a presentence report in determining whether a prior conviction was a violent felony and thus qualifies as a predicate offense. See United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.1990).
 
 
 5
 Establishing the existence of prior convictions, however, is a different matter. The government need only prove the fact of a prior conviction by a preponderance of the evidence. See United States v. McDougherty, 920 F.2d 569, 575 (9th Cir.1990); United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990); see also United States v. Asagba, 77 F.3d 324, 325 (9th Cir.1996) (fact findings reviewed for clear error).
 
 
 6
 Here, the government submitted the following evidence to establish that on November 17, 1978, Carriaga pleaded guilty to a burglary committed on December 22, 1977, and a burglary committed on January 10, 1978:(1) a 1988 presentence report that listed the two burglary priors; (2) the testimony of the probation officer who prepared the report as to her usual procedure in checking prior convictions; (3) a 1995 presentence that listed the burglaries; (4) police reports; and (5) Carriaga's stipulation in his plea agreement that he had at least three prior convictions that qualified as predicate offenses for purposes of sentencing. The district court did not clearly err by finding, based on this evidence, that the two prior burglary convictions had been proven. See Asagba, 77 F.3d at 325.
 
 
 7
 Second, Carriaga contends that the prior convictions did not qualify as predicate offenses. This contention also lacks merit.
 
 
 8
 A prior burglary conviction qualifies as a predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii) if the burglary statute contains "at least the following elements: ' an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.' " United States v. Bonat, 106 F.3d 1472, 1474 (9th Cir.) (quoting Taylor v. United States, 495 U.S. 575, 599 (1990)), cert. denied, 118 S.Ct. 192 (1997).
 
 
 9
 The Guam burglary statute provides as follows: "A person is guilty of burglary if he enters ... any habitable property or a separately secured or occupied portion thereof, with intent to commit a crime therein." 9 Guam Code Ann. § 37.20(a) (1977).
 
 
 10
 Carriaga contends that "habitable property" refers to vehicles and vessels as well to structures, and therefore the definition of burglary is overbroad. See Bonat, 106 F.3d at 1474. This contention lacks merit because habitable property is defined as "any structure, vehicle or vessel adapted for the accommodation or occupation of persons." 9 Guam Code Ann. §§ 34.10(b), § 37.10(a); see United States v. Sweeten, 933 F.2d 765, 770-71 (9th Cir.1991) (per curiam) (statute defining burglary of a habitation as burglary of a structure or vehicle adapted for the overnight accommodation of persons qualified as "generic" burglary under Taylor because of risk of violence to occupants). Thus, at least one of Carriaga's prior burglary convictions qualified as a predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii).
 
 
 11
 AFFIRMED.
 
 ORDER
 
 12
 Appellant's petition for rehearing is granted. The Clerk shall file the attached amended memorandum disposition in place of the memorandum disposition filed on September 15, 1997.
 
 
 13
 The panel has voted to reject the suggestion for rehearing en banc. The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35. The suggestion for rehearing en banc is rejected.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3