145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronald PIERCE, Defendant-Appellant.
 No. 97-30202.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Submitted May 14, 1998**
 
 HOGAN, Chief J. Presiding
 
 3
 Ronald Pierce appeals the denial of his suppression motion and his sentence following his conditional guilty plea to one count of being a felon in possession of a firearm (18 U.S.C. §§ 922(g), 924(e)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Pierce contends that the district court erred by denying his suppression motion because his seizure was not sufficiently limited in duration and scope to satisfy the conditions of an investigatory detention.[1] Reviewing the district court's denial of the suppression motion de novo and its underlying factual findings for clear error, see United States v. Puerta, 982 F.2d 1297, 1300 (9th Cir.1992), we affirm the district court's denial on the ground that prior to searching Pierce for evidence and weapons, the officer had probable cause to arrest him for attempted theft. See id.; see also United States v. Fuentes, 105 F.3d 487, 489-90 (9th Cir.1997) (lies to officer appropriately considered in determining existence of probable cause); United States v. Potter, 895 F.2d 1231, 1234 (9th Cir.1990) (search before formal arrest valid because probable cause for arrest existed when search conducted). The fact that the officer may have subjectively believed he lacked probable cause to arrest Pierce for attempted car theft is irrelevant. See United States v. Sayetsitty, 107 F.3d 1405, 1414 (9th Cir.1997).[2]
 
 
 5
 Pierce also contends that because his prior burglary convictions were "far from violent," he should not have been sentenced as an armed career criminal under 18 U.S.C. § 924(e). Pierce acknowledges that the Supreme Court has held that "generic burglaries" such as his constitute felonies under the armed career criminal act, see Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), but nevertheless urges this court to not apply Taylor 's holding to his case. However, because Pierce's prior burglaries squarely fit within the definition of burglary set forth in Taylor, we must uphold the district court's decision to sentence him under section 924(e). See United States v. Bonat, 106 F.3d 1472, 1475 (9th Cir.1997).[3]
 
 AFFIRMED.[4]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 On appeal, Pierce concedes that his initial stop and the officer's subsequent request that Pierce stand by while the officer checked the vehicles, were appropriate
 
 
 [2]
 Because we conclude the search was justified by probable cause for attempted theft, we need not address Pierce's contention that the officer's testimony that he knew there was an outstanding warrant for Pierce's arrest was incredible. See Fuentes, 105 F.3d at 490
 
 
 [3]
 To the extent Pierce contends that his sentence violates the Eighth Amendment, the contention is otiose. See Bonat, 106 F.3d at 1478
 
 
 [4]
 Pierce's pro se motion for leave to file a supplemental brief is denied