Artemio **GALLEGOS–SAUCEDO,** aka Art Gallegos, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71447.
INS No. A75–171–213.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2003.*

Decided June 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Artemio Gallegos–Saucedo ("Gallegos") appeals the denial of his application for suspension of deportation by an Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA"). We deny the petition for review.

■ Gallegos argues that the statute under which he pled guilty, 18 U.S.C. § 922(g)(5), covers a broader range of conduct than INA § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C) (1994) (repealed), because it criminalizes possession of both firearms and ammunition. We hold that the BIA correctly applied the "modified categorical approach" to determine if Gallegos's conviction comes within the definition of § 241(a)(2)(C). *See United States v. Castillo–Rivera,* 244 F.3d 1020, 1022–23 (9th Cir.2001); *Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir.2000); *United States v. Bonat,* 106 F.3d 1472, 1476 (9th Cir.1997). In this case, the BIA properly relied on the charging document to determine that Gallegos

** This disposition is not appropriate for publication and may not be cited to or by the

was deportable under § 241(a)(2)(C). In particular, the BIA specifically referenced Count 3 of the indictment, the count to which Gallegos pled guilty. That count charged that Gallegos illegally possessed a 9mm caliber Browning semiautomatic pistol.

■ We have no jurisdiction to consider a due process challenge to Gallegos's deportation hearing that he could have raised before the IJ or the BIA but did not raise there. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987). To the extent that Gallegos brings a due process challenge to the decision of the BIA itself, that challenge has no merit. Nothing about the BIA's process was fundamentally unfair or unconstitutional.

**PETITION DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.