**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark Louis SANDON, Defendant–Appellant.**

**No. 03–10484.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Nov. 10, 2004.

Mary Beth Phillips, Esq., U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

James Sun Park, Park & Wilson, Phoenix, AZ, for Defendant–Appellant.

Before: W. FLETCHER and FISHER, Circuit Judges, and WINMILL, District Judge.*

* The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

## MEMORANDUM **

Appellant Mark Louis Sandon appeals his conviction and sentence for being a felon in possession of a firearm. He was indicted three times on that charge; the first two indictments were dismissed without prejudice due to government errors. Following a jury trial on the third indictment, Sandon was convicted and sentenced to 210 months of imprisonment, a term enhanced by the Armed Career Criminal Act (ACCA) provisions of 18 U.S.C. § 924(e)(1).

Sandon argues first that the district court erred in dismissing the second indictment without prejudice. A decision to dismiss a case without prejudice under the Speedy Trial Act is reviewed for abuse of discretion. *United States v. White*, 864 F.2d 660, 661 (9th Cir.1988).

In determining whether to dismiss with prejudice or without prejudice, the district court must consider three factors: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

When making this determination, the district court must conduct a hearing on notice, make factual findings, and apply these three factors. *United States v. Taylor*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). Here, the district court held a hearing and concluded in a written decision that the second indictment should be dismissed without prejudice. In that decision, the district court made a factual finding that the delay of 15 days between the time the second indictment

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

should have been filed (May 19, 2002) and the date it was actually filed (June 4, 2002) was due to "negligence" and not to any "bad faith on the part of the Government." The district court focused on the bad faith issue because it was the only issue argued by counsel.

While the better practice would have been for counsel and the court below to specifically address all three factors of § 3162(a)(1), there is no need to remand this case because the record here is complete and allows us to make the necessary findings. *United States v. Pena–Carrillo,* 46 F.3d 879 (9th Cir.1995). Possession of a firearm by a felon is a serious offense. *See United States v. Carnes,* 309 F.3d 950, 957 (6th Cir.2002) (holding that possession of a firearm by a felon is a serious offense for § 3162(a)(2) purposes), *cert. denied,* 537 U.S. 1240, 123 S.Ct. 1371, 155 L.Ed.2d 211 (2003). The "facts and circumstances leading to dismissal" show no evidence of misconduct on the part of the Government. Sandon claims that the Government used the delay to turn one of his own witnesses—Anthony Boccasini—against him. Boccasini, however, turned against Sandon on April 26, 2002, well-before the period of improper delay began on May 19, 2002. Thus, there is no evidence that the Government used the delay to turn Boccasini against Sandon. Under these circumstances, the considerations of administration of justice and the Speedy Trial Act do not require barring reprosecution to deter prosecutorial misconduct.

Sandon argues, however, that we should take into account the full period of delay, beginning with the filing of the first indictment on July 31, 2001. That first indictment was dismissed 9 months later on the Government's oral motion to dismiss. Sandon did not object to the dismissal at the time and has never submitted any evidence of prosecutorial misconduct during the nine month period. We therefore do not find any abuse of discretion in the district court's discretion.

 Sandon next claims that the district court committed error by precluding him from introducing evidence of the dismissal of the first indictment to impeach Boccasini. The district court's decisions concerning the scope of cross-examination and the admission of evidence are reviewed for abuse of discretion. *United States v. Jackson,* 882 F.2d 1444, 1446 (9th Cir. 1989).

Boccasini testified that he did not initiate the "free talk" but merely followed his attorney's suggestion. Sandon sought to impeach that testimony by showing that the "free talk" occurred right after Boccasini talked to Sandon and discovered that the first indictment had been dismissed. This evidence would be impeaching, Sandon argues, because it would rebut Boccasini's testimony that he did not initiate the "free talk."

The test for determining whether the district court abused its discretion by precluding Sandon from cross-examining Boccasini on this subject turns on whether "the jury [had] sufficient information to appraise the bias and motives of the witness." *Skinner v. Cardwell,* 564 F.2d 1381, 1389 (9th Cir.1977). Here, the jury learned from Sandon's cross-examination that Boccasini had a prior felony conviction, used drugs, had been indicted, and desired leniency. This substantial evidence of bias renders marginal any debate over who initiated the "free talk." Thus, we cannot find an abuse of discretion here.

 Sandon's final argument is that his prior conviction under the Arizona burglary statute should not count as a "burglary" under the ACCA. This issue is reviewed *de novo*. *United States v. Bonat,* 106 F.3d 1472, 1474 (9th Cir.1997).

Sandon pled guilty to Second Degree Burglary under Arizona law. Under the ACCA, a prior conviction for "burglary" counts as a predicate offense. A crime is a "burglary" under the ACCA if either its statutory definition substantially corresponds to 'generic' burglary, *Taylor v. United States,* 495 U.S. 575, 598–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), or the defendant admitted to the elements of generic burglary during his plea colloquy. *United States v. Bonat,* 106 F.3d 1472, 1476–77 (9th Cir.1997). A generic burglary involves an unlawful or unprivileged entry into a building or structure with intent to commit a crime. *Taylor,* 495 U.S. at 599, 110 S.Ct. 2143.

The Arizona burglary statute proscribes both lawful and unlawful entries, and thus is not confined to generic burglaries under *Taylor.* The crime could still count under the ACCA, however, if the plea transcript shows that Sandon pled guilty to generic burglary during his plea colloquy. *Bonat,* 106 F.3d at 1476–77.

Here, Sandon admitted during his plea colloquy that he entered the home of another without permission and with the intent to steal money or property. Thus, he admitted to the elements of a generic burglary, and this conviction therefore counts for ACCA purposes.

AFFIRMED.