**Maria Lita PADERNAL–NYE, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**Nos. 03–70430, 04–70741.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided May 24, 2005.

the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jon Eric Garde, Esq., Law Offices of Jon Eric Garde, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Cindy S. Ferrier, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS, PAEZ, Circuit Judges, and BURNS, District Judge.**

MEMORANDUM ***

Maria Lita Padernal Nye ("Nye") filed two petitions that have been consolidated for our review. In No. 03–70430, Nye

---

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

contested the immigration judge's ("IJ") finding that her 1996 conviction for child abuse constituted an aggravated felony and a crime of moral turpitude for which she was removable. Nye also requested a stay of removal and argued that the Board of Immigration Appeals ("BIA") should grant a motion to reopen that was then pending, on the basis of ineffective assistance of counsel. In No. 04–70741, Nye petitioned for review of the BIA's denial of her motion to reopen on the ground that she failed to comply with the procedural requirements of *Matter of Lozada*, 1988 WL 235454, 19 I. & N. Dec. 637 (BIA 1988). We address each petition in turn.

### No. 03–70430

▮ We lack jurisdiction over this petition because Nye did not challenge the grounds of the IJ's finding of removability before the BIA. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir.2003) (noting that under 8 U.S.C. § 1252(d), "[b]efore a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ. . . . Similarly, the petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal . . .") (citations omitted).[1] We also lack jurisdiction over Nye's argument that the BIA should have reopened proceedings, because the motion to reopen was still pending when this petition was filed, and it was therefore unexhausted.

### No. 04–70741

#### I.

▮ The government argues that under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review the BIA's denial of Nye's motions to reopen because she was removable for having committed an "aggravated felony" as provided in § 1227(a)(2)(A)(iii). *See Sarmadi v. INS*, 121 F.3d 1319, 1321–22 (9th Cir.1997); *Perez v. INS*, 116 F.3d 405, 407 (9th Cir.1997). The IJ found that under § 1101(a)(43)(F), Nye's child abuse conviction constituted an aggravated felony because it was a "crime of violence." Nye responds that under the two-part analysis set forth in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), her offense of conviction does not constitute a crime of violence. Because the BIA did not predicate its denial of withholding of removal on Nye's aggravated felony conviction, we have jurisdiction to review her petition, regardless of whether her convictions constituted a crime of violence. *See Unuakhaulu v. Ashcroft*, 398 F.3d 1085, 1090 (9th Cir.2005) (holding that where the BIA did not predicate its denial of withholding of removal on the basis of the alien's prior aggravated felony conviction, or on a discretionary decision, the § 1252(a)(2)(C) jurisdictional bar did not apply).

#### II.

In her motion to reopen, Nye alleges that she was denied due process of law because her counsel rendered ineffective assistance in the administrative proceedings. Nye argues that the BIA abused its discretion in denying her motion to reopen on the ground that she did not comply with the *Lozada* requirements. We review the BIA's decision whether to reopen removal

---

1. Nye argues that we should make an exception to the exhaustion rule because her former attorney's failure to challenge the IJ's finding that she committed an aggravated felony and a crime of moral turpitude constituted ineffective assistance of counsel. Because ineffective assistance of counsel claims must first be raised in the form of a motion to reopen before the BIA, *see Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000), we have no basis for making an exception to the exhaustion requirement in this petition.

proceedings for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

■ Under *Lozada*, a motion to reopen on the basis of ineffective assistance of counsel must include: "1) an affidavit explaining the agreement with his prior counsel regarding his legal representation; 2) evidence that prior counsel has been informed of the allegations of ineffective assistance and given the opportunity to respond; and 3) either a showing that a complaint against prior counsel has been filed with the proper disciplinary authorities or an explanation of the reasons why not." *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir.2000) (citing *Lozada*, 19 I. & N. Dec. at 639). The parties agree that Nye's motion to reopen complied with the first and third *Lozada* requirements. Because the motion to reopen did not provide evidence that Nye's former counsel, Carlos Cantu ("Cantu"), had been informed of the allegations of ineffective assistance or that he was given an opportunity to respond, Nye has not strictly complied with the second *Lozada* requirement. *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir.2004) (concluding that the second *Lozada* requirement had not been satisfied where the motion to reopen merely indicated that petitioner intended to provide former counsel with notice, but failed to provide evidence of such notification).

The BIA may not, however, "impose the *Lozada* requirements arbitrarily." *Ontiveros–Lopez*, 213 F.3d at 1125. Where "[t]he face of the record shows a clear and obvious case of ineffective assistance of counsel[,]" *Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000), the *Lozada* requirements "are not dispositive," *Escobar–Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir.), *amended by* 213 F.3d 1221 (9th Cir. 2000), and failure to comply with them is

"not necessarily fatal to a motion to reopen." *Castillo–Perez*, 212 F.3d at 525. To demonstrate ineffective assistance of counsel in the course of immigration proceedings, the petitioner must show "assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing." *Magallanes–Damian v. INS*, 783 F.2d 931, 933 (9th Cir.1986). In a motion to reopen based on ineffective assistance of counsel, the petitioner also must demonstrate that she was prejudiced by counsel's deficient performance. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003).

Here, Cantu failed to challenge the IJ's conclusion that Nye's conviction of child abuse pursuant to Nevada Revised Statutes § 200.508 constituted an "aggravated felony" for which she is removable because it was a "crime of violence" for which the term of imprisonment is at least one year. *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). Under the "modified categorical approach," as it had been applied at the time of Nye's appeal to the BIA, the documents in the administrative record do not clearly establish that Nye was convicted of a "crime of violence." *See, e.g., United States v. Franklin*, 235 F.3d 1165, 1170 (9th Cir.2000); *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.2000); *United States v. Parker*, 5 F.3d 1322, 1326–28 (9th Cir.1993). Because Nye pled guilty to the offense of conviction, only the charging document in conjunction with judgment of conviction, signed plea agreement, and the transcript of the plea proceedings could be considered in determining whether she was convicted of a crime of violence. *See United States v. Bonat*, 106 F.3d 1472, 1476–78 (9th Cir.1997). Here, there is no plea agreement or transcript of Nye's plea hearing in the record. Neither the state court presentence report (PSR) nor Nye's testimony before the IJ establishes that

Nye was convicted of the elements of a "crime of violence." *See Franklin,* 235 F.3d at 1170–72; *In re Pichardo–Sufren,* 1996 WL 230227, 21 I. & N. Dec. 330, 334–36 (BIA 1996). The information (the charging document) combined with the judgment of conviction does not unequivocally establish that Nye was convicted of a crime of violence. *See Bonat,* 106 F.3d at 1477–78. Thus, in light of our caselaw at the time of Nye's appeal of the IJ's decision,[2] and the limited documentation in the record before the IJ, there was no strategic basis for Cantu's decision not to challenge the aggravated felony conviction.

Cantu also failed to challenge the IJ's finding that Nye is removable for having committed a crime of moral turpitude under § 1227(a)(2)(A)(i). Although this court has held that "purposely or willingly" "inflicting 'cruel or inhuman corporal punishment or injury' upon a child" is a crime of moral turpitude, *Guerrero de Nodahl v. INS,* 407 F.2d 1405, 1406–07 (9th Cir. 1969), under the modified categorical approach, the record of conviction does not demonstrate unequivocally that Nye was convicted of a willful offense or that her stepson actually suffered physical pain or mental suffering. Thus, Nye's conviction did not necessarily qualify as a crime of moral turpitude. *See Grageda v. INS,* 12 F.3d 919, 921–22 (9th Cir.1993); *In re Lopez–Meza,* 1999 WL 1223810, 22 I. & N.

Dec. 1188, 1192–93 (BIA 1999); *Matter of S—,* 2 I & N Dec. 553, 556 (BIA 1946). On this record, we see no strategic basis for counsel's failure to appeal the IJ's determination that Nye committed a crime of moral turpitude.

In sum, it appears that there were meritorious grounds for contesting both charges of removability, and no countervailing tactical purpose in Cantu's decision not to challenge the grounds of removability, *cf. Magallanes–Damian,* 783 F.2d at 934, particularly in light of the rule that aliens may make arguments in the alternative in immigration proceedings. *See Doherty,* 502 U.S. at 328, 112 S.Ct. 719. Moreover, prejudice can be shown in that Cantu's failure to challenge the grounds of removability "may have affected the outcome of the proceedings" *Iturribarria,* 321 F.3d at 899–900, because there were "plausible grounds" for an alternative outcome. *Rojas–Garcia,* 339 F.3d at 826. Because we find that ineffective assistance of counsel was clear on the face of the record, we conclude that the BIA abused its discretion by applying the *Lozada* requirements in an overly technical and arbitrary manner. Accordingly, we remand for determination of the ineffective assistance of counsel claim on the merits. *See, e.g., Ontiveros–Lopez,* 213 F.3d at 1125; *Castillo–Perez,* 212 F.3d at 528.

Petition No. 03–70430: DISMISSED.

---

**2.** We note, but do not rely on, subsequent authority that confirms our holdings in *Bonat* and *Franklin. See Shepard v. United States,* — U.S. —, —, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005) (reaffirming that under the modified categorical approach, a court's inquiry is limited to the charging document, plea agreement, and plea colloquy); *Li v. Ashcroft,* 389 F.3d 892, 898–99 (9th Cir.2004) (holding that the charging document and judgment of conviction were insufficient to establish that petitioner was removable for having committed an aggravated felony where the judgment did not contain "the critical

phrase 'as charged in the Information' "); *United States v. Kovac,* 367 F.3d 1116, 1119 (9th Cir.2004) (holding that the charging document was insufficient to establish predicate offense where the judgment was inconclusive and that the PSR could not be considered); *United States v. Corona–Sanchez,* 291 F.3d 1201, 1212 (holding that the PSR was insufficient to establish conviction of the qualifying offense); *Tokatly v. Ashcroft,* 371 F.3d 613, 623–24 (9th Cir.2004) (holding that testimony before the IJ may not be considered under the modified categorical approach).

Petition No. 04–70741: GRANTED and REMANDED.