**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30356 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00019-RFC |
| v. | |
| GEOFFREY VON KINDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Court Judge, Presiding

Argued and Submitted October 4, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and EZRA, District Judge.[**]

Geoffrey Von Kinder appeals his sentence for being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). Kinder argues on appeal that the

district court erred in determining under the modified categorical approach that his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

prior conviction for burglary of a cabin was a "crime of violence" supporting a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). Specifically, Kinder contests the district court's conclusion that the cabin burglarized was a dwelling as defined by U.S.S.G. § 4B1.2(a)(2).

We conclude that the Information and Sentencing Order from Kinder's prior conviction for burglary were sufficient for a finding under the modified categorical approach that the structure burglarized was a dwelling. *United States v. Bonat*, 106 F.3d 1472, 1476 (9th Cir. 1997) ("We have previously decided that in determining if a defendant pled guilty to generic burglary, considering the indictment and the judgment of conviction does not constitute a factual inquiry forbidden by *Taylor* [*v. United States*, 495 U.S. 575 (1990)]." (citing *United States v. O'Neal*, 937 F.2d 1369, 1373 (9th Cir. 1991), *superseded by statute on other grounds as recognized in United States v. Huffhines*, 967 F.2d 314, 321 (9th Cir. 1992))). Accordingly, Kinder's past conviction qualified as a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), and the district court did not err in applying a base offense level of 20 to Kinder's sentence.

**AFFIRMED.**