**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARIO AGUIRRE-CONTRERAS,<br><br>Defendant - Appellant. | Nos. 10-10300<br>        10-10301<br><br>D.C. Nos. 4:09-cr-00128-FRZ<br>              4:07-cr-00775-FRZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

In these consolidated appeals, Mario Aguirre-Contreras appeals from the 60-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He also appeals the revocation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of his supervised release and the sentence imposed upon revocation. We have jurisdiction under 28 U.S.C. § 1291. We affirm the revocation of Aguirre-Contreras's supervised release, but vacate the sentences imposed upon revocation and upon his conviction for illegal reentry and remand for resentencing.

Aguirre-Contreras contends that the district court erred in applying a 16-level enhancement to his sentence under U.S.S.G. § 2L1.2(b), based on his prior attempted burglary conviction under Arizona Revised Statutes § 13-1507. Contrary to the government's contention, this argument has not been waived. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

As we have previously held, Arizona burglary does not categorically match the generic federal definition. *See United States v. Bonat*, 106 F.3d 1472, 1475-76 (9th Cir. 1997). Therefore, whether Aguirre-Contreras's prior conviction qualifies as a crime of violence depends upon application of the modified categorical approach described in *Taylor v. United States*, 495 U.S. 575, 602 (1990). The district court's failure to conduct this analysis was plain error. *See United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003). Accordingly, we vacate the sentence imposed on Aguirre-Contreras following his illegal reentry conviction and remand for resentencing on an open record.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Aguirre-Contreras's counsel's brief states that there are no arguable grounds for relief on direct appeal with respect to the revocation of Aguirre-Contreras's supervised release or the sentence imposed upon revocation. Based on our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80-81 (1988), we agree. We therefore affirm the revocation of Aguirre-Contreras's supervised release. However, in light of our disposition above, we vacate the sentence imposed upon revocation and remand for resentencing.

**AFFIRMED in part; VACATED and REMANDED in part.**