**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10607 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03518-DCB-DTF-1 |
| v. | |
| SAMUEL NAVARRO, AKA Samuel Narvarro, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 5, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and EZRA, District Judge.**

Defendant and appellant Samuel Navarro appeals his 51 month sentence for

illegal reentry in violation of 8 U.S.C. § 1326(a). Navarro argues that the district

court erred when it concluded that Navarro's 2004 conviction for second degree

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

burglary in violation of Arizona Revised Statutes § 13-1507 met the definition of generic burglary of a dwelling and applied a 16-point sentencing enhancement under U.S.S.G. § 2L1.2 for committing a crime of violence based on this burglary conviction. We review *de novo* whether Navarro's conviction qualifies as a crime of violence. *See United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009). We conclude that the district court erred in applying the 16-point enhancement. Accordingly, we reverse Navarro's sentence and remand for re-sentencing.

A conviction under section 13-1507 does not qualify as generic burglary under either the categorical or modified categorical approach. Under the categorical approach, a court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The government concedes that a conviction for violating section 13-1507 does not qualify as generic burglary under the categorical approach because: (1) generic burglary does not include burglary of movable structures and, under section 13-1507, the structure can be either movable or immovable, *see* Ariz. Rev. Stat. Ann. § 13-1501; *United States v. Terrell*, 593 F.3d 1084, 1092 (9th Cir. 2010), and (2) unlike generic burglary, a conviction for second degree burglary may be obtained under section 13-1507 even where the

2

intent to commit the crime was formed after the defendant entered the structure, *United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir. 1997).

We cannot consider whether a conviction under section 13-1507 qualifies as generic burglary under the modified categorical approach. The modified categorical approach is only applicable when a statute is "divisible." *Descamps*, 133 S. Ct. at 2281. A divisible statute is one that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Id.* Section 13-1507 is not divisible with respect to whether the intent to commit the crime was formed after the defendant entered the structure. The statute does not set forth, as separate alternatives, circumstances where the intent was formed after the defendant entered the structure and circumstances where the intent was formed before entry. *See United States v. Cabrera-Gutierrez*, 12-30233, 2014 WL 998173, at *6-9 (9th Cir. Mar. 17, 2014). Accordingly, the district court erred by concluding that Navarro's conviction qualified as generic burglary under the modified categorical approach and enhancing Navarro's sentence.

**REVERSED and REMANDED.**