NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10213 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00297-DLR-1 |
| v. | |
| MICKEY ROY ANDERSON, Sr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 18, 2021
Phoenix, Arizona

Before: GILMAN,** CALLAHAN, and BRESS, Circuit Judges.

A jury convicted Mickey Roy Anderson, Sr. of, *inter alia*, first-degree murder

under 18 U.S.C. § 1111(a) and burglary of a residential structure under 18 U.S.C.

§ 13 and Arizona Revised Statutes §§ 13-1507, 13-1508, and 13-704. Anderson

timely appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1.     We reject Anderson's argument that the government presented insufficient evidence of premeditation, such that he could not have been convicted of first-degree murder. We "are obliged to construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Whether a defendant acted with premeditation is a factual question for the jury to decide. And a jury's verdict is not to be disturbed lightly." *United States v. Begay*, 673 F.3d 1038, 1043 (9th Cir. 2011) (en banc).

Based on the evidence presented at trial, a reasonable jury could have found that the murder was premeditated. "The amount of time needed for premeditation of a killing depends on the person and the circumstances." *United States v. Reza-Ramos*, 816 F.3d 1110, 1123 (9th Cir. 2016). But there must be enough time, "after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing." *Id.* "Relevant circumstantial evidence includes but is not limited to 'the defendant's prior relationship to the victim, the defendant's carrying of the murder weapon to the scene, and the manner of the killing.'" *Begay*, 673 F.3d at 1043 (quoting *United States v. Free*, 841 F.2d 321, 325 (9th Cir. 1988)).

Here, Anderson stole the murder weapon a few days before the murder and

2

then carried it around town, often brandishing it and playing with it. The government also presented evidence that Anderson hated Chino, a rival drug dealer, and that when Chino came with Anderson's sister to the victim's home the day before the murder, Anderson told a witness that he wanted to "get rid of" three people, including Chino. Before the murder, one of the victim's friends told Anderson that she thought the victim was buying drugs from Chino. This made Anderson angry and impatient to get to the victim's home. Shortly after entering the victim's home, Anderson called out to her, and when she looked up at him, he shot her once in the face at point-blank range. That Anderson "fired from close range" supports an inference of premeditation. *Begay*, 673 F.3d at 1044. Anderson then engaged in behavior after the murder that further supported an inference of premeditated murder. *See Reza-Ramos*, 816 F.3d at 1124. All these circumstances allowed a rational jury to find premeditation.

2. Anderson argues that the prosecutor committed misconduct by stating during closing argument that "[s]econds suffices" for premeditation. Because Anderson did not object to the statement at trial, our review is for plain error. *United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001). "Under a plain error standard, relief is not warranted unless there is: (1) an error; (2) that was plain; and (3) that affected the defendant's substantial rights. Even if these conditions are met, reversal is discretionary and will be granted only if the error seriously affects the fairness,

3

integrity, or public reputation of judicial proceedings." *United States v. Hayat*, 710 F.3d 875, 895 (9th Cir. 2013) (citation omitted) (quoting *United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009)).

Even assuming that the prosecutor's statement was error and the error was plain, Anderson has not shown that it is "more probable than not that the misconduct materially affected the verdict." *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (quoting *Tam*, 240 F.3d at 802). The government introduced extensive evidence from which the jury could conclude that Anderson premeditated the victim's murder minutes, hours, or even days in advance. The district court also properly instructed the jury on the definition of premeditation and the lesser-included offense of second-degree murder. "The jury is regularly presumed to accept the law as stated by the court, not as stated by counsel." *United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir. 1998). The unchallenged jury instructions mitigated any potential undue prejudice. *See, e.g.*, *Tucker*, 641 F.3d at 1122; *Tam*, 240 F.3d at 802. We thus reject Anderson's challenge to the prosecutor's statement at closing argument.

3.    We also reject Anderson's challenge to his burglary conviction. Because Anderson's crime took place on the Colorado River Indian Tribe reservation, and because there is no federal burglary statute, we look to Arizona's burglary statute per the Major Crimes Act and the Assimilative Crimes Act. *See*

Ariz. Rev. Stat. §§ 13-1507, 1508; *see also United States v. Smith*, 925 F.3d 410, 421–22 (9th Cir. 2019); *Reza-Ramos*, 816 F.3d at 1125. Under Arizona law, as relevant here, a person commits burglary "by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." Ariz. Rev. Stat. § 13-1507(A).

Anderson argues that the government did not present sufficient evidence that he entered the victim's house, or remained in the victim's house, with the intent to commit a felony. But Arizona courts have held that Arizona's burglary statute supports a conviction "even if the intent to commit the crime was formed after entering the structure." *United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir. 1997) (citing Arizona cases). Regardless, the government presented evidence that would have allowed a rational jury to conclude that Anderson both entered and remained in the victim's house with the intent to commit a felony.[1]

**AFFIRMED.**

---

[1] Anderson also argued in his opening brief that he should not have been sentenced to life imprisonment. But he then withdrew this point at oral argument. Regardless, Anderson's argument is foreclosed by *United States v. LaFleur*, 971 F.2d 200, 207–10 (9th Cir. 1992) (holding that § 1111(b) imposes a mandatory life sentence for first-degree murder).