**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

v.

ADOLFO GUERRERO-VELASQUEZ,
        *Defendant-Appellee.*

No. 05-30066

D.C. No.
CR-04-02115-WFN

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior Judge, Presiding

Submitted November 18, 2005*
Seattle, Washington

Filed January 19, 2006
Amended February 7, 2006

Before: David R. Hansen,** William A. Fletcher, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**COUNSEL**

K. Jill Bolton and James A. McDevitt, United States Attorney's Office, Yakima, Washington, for the plaintiff-appellant.

Alex B. Hernandez, III, Federal Defenders of Eastern Washington and Idaho, Yakima, Washington, for the defendant-appellee.

---

**ORDER**

The opinion, filed January 19, 2006, slip opinion 773, and appearing at ___ F.3d ___ (9th Cir. 2006), is amended as follows:

1.  At slip op. 777, footnote 1, line 8; ___ F.3d at ___, footnote 1, line ___, delete, "We also note that, on appellate review, a sentence suggested by the guidelines is presumptively reasonable."

2.  At slip op. 776, line 2; ___ F.3d at ___, line ___, change the counsel listing for plaintiff-appellant to read, "K. Jill Bolton and James A. McDevitt, United States Attorney's Office, Yakima, Washington, for the plaintiff-appellant."

With the filing of the amended opinion, Appellant's pending Motion to Modify Decision is DENIED as moot, without prejudice to filing a petition for rehearing and/or rehearing en banc. *See* 9th Cir. G.O. 5.3(a).

---

**OPINION**

BYBEE, Circuit Judge:

There are two questions before us on this appeal. First, is a guilty plea an admission of the facts charged in the indict-

ment? Second, is an *Alford* plea, in which the defendant enters a guilty plea while maintaining his innocence, nevertheless a guilty plea under *Taylor v. United States*, 495 U.S. 575 (1990)? The first of these questions is well established in our decisions; the second is not. We answer both in the affirmative, vacate the defendant's sentence, and remand to the district court for resentencing.

## I.   BACKGROUND

Guerrero-Velasquez was charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. He pled guilty on September 28, 2004. The United States Probation office submitted a presentence investigation report, and the government objected to the report's treatment of Guerrero-Velasquez's previous conviction for second-degree burglary in Washington. Specifically, the government argued that under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines, the report should have imposed "a 16-level specific offense characteristic enhancement for the Defendant's prior crime of violence conviction."

Applying *Taylor*, the district court found that second-degree burglary was not categorically a crime of violence under Washington state law. The court then applied *Taylor*'s modified categorical approach; after conducting a limited factual inquiry into Guerrero-Velasquez's criminal history, the court found that the government had not submitted any evidence from which the court could conclude that he had been convicted of a crime of violence. It therefore rejected the government's position and sentenced him without imposing the enhancement. The government now appeals.

## II.   ANALYSIS

**[1]** Section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines provides that an alien who has illegally reentered the United States should receive a sixteen-level

sentencing enhancement if he has a prior conviction for "a crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2003).[1] The commentary accompanying the sentencing guidelines defines a crime of violence to include the "burglary of a dwelling." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2003). The question before this Court is whether Guerrero-Velasquez's conviction for second degree burglary constitutes a conviction for burglary of a dwelling.

**[2]** To answer this question, we must define "burglary of a dwelling" under the sentencing guidelines. Under *Taylor*, "a state conviction meets the generic definition of burglary if the burglary statute 'contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.' " *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 857 (9th Cir. 2005) (emphasis omitted) (quoting *Taylor*, 495 U.S. at 598). "The definition of 'burglary of a dwelling' is the same as the '*Taylor* definition of burglary, with the narrowing qualification that the burglary occur in a dwelling.' " *Id.* (quoting *United States v. Wenner*, 351 F.3d 969, 973 (9th Cir. 2003)).

**[3]** Under *Taylor*, we apply a "categorical approach" to determine whether a conviction constitutes a crime of violence.[2] 495 U.S. at 600. Under this approach, we look to the statutory definition of the crime for which a defendant was convicted instead of examining the particular facts underlying the con-

---

[1] We realize, of course, that the sentencing guidelines are advisory and not mandatory. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). However, the guidelines are still an important aid for district judges seeking to determine the appropriate sentence for a defendant and which help to maintain uniformity in sentencing throughout the country. It is therefore appropriate that we consider whether the district judge correctly interpreted and applied the guidelines below.

[2] *Taylor* dealt with this issue in the context of the Armed Career Criminal Act, but this Court has extended this approach to the question it faces here. *See United States v. Becker*, 919 F.2d 568, 570 (9th Cir. 1990).

viction. *Id.* However, if the defendant's conviction does not meet the statutory definition for burglary under the categorical approach, a court may conduct a limited factual inquiry into the records of the defendant's prior conviction:

> [T]he sentencing court [may] go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

*Id.* at 602. Thus, "courts may examine the record for documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc) (internal quotations omitted), *superseded by statute*, U.S.S.G. § 2L1.2 cmt. n.5 (2002). This limited inquiry has been dubbed the "modified categorical approach." *Id.* (quoting *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000)).

**[4]** In *United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003), this Court applied *Taylor* and held that second-degree burglary was not a categorical crime of violence under Washington state law.[3] Below, the district court correctly followed

---

[3]Technically, this Court found that residential burglary was not a categorical crime of violence under Washington state law. However, under Washington state law, second-degree burglary is an inferior degree of residential burglary. *Compare* WASH. REV. CODE § 9A.52.025(1) (2005) ("A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlaw-

this precedent, and the parties do not dispute this issue on appeal.

Following its determination that Guerrero-Velasquez had not committed a categorical crime of violence, the district court proceeded to apply *Taylor*'s modified categorical approach. However, the district court erroneously restricted its factual inquiry to the criminal information and the police reports submitted by the government. The court cited *Wenner* for the proposition that it could not rely on the information alone to conclude that Guerrero-Velasquez had been convicted of a crime of violence, and it relied on *Corona-Sanchez* to conclude that the police reports were also insufficient. *See Wenner*, 351 F.3d at 974 ("It is well-established that we may not rely on an information alone to determine the elements of

_____

fully *in a dwelling other than a vehicle*.") (emphasis added) *with* WASH. REV. CODE § 9A.52.030(1) (2005) ("A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully *in a building other than a vehicle or a dwelling*.") (emphasis added). *See generally* WASH. REV. CODE § 9A.52.025(2) (2005) ("In establishing sentencing guidelines and disposition standards, the sentencing guidelines commission and the juvenile disposition standards commission shall consider residential burglary as a more serious offense than second degree burglary."); *State v. Tamalini*, 953 P.2d 450, 453-54 (Wash. 1998) (explaining the difference under Washington state law between a lesser included offense and an inferior degree offense); *State v. McDonald*, 96 P.3d 468, 470 (Wash. Ct. App. 2004) ("[S]econd degree burglary is an inferior degree of residential burglary."). Under Washington law, second-degree burglary and residential burglary are really just offense gradations of the same illegal conduct—burglary. *See Tamalini*, 953 P.2d at 453 (stating that one requirement for an inferior degree offense is that "the statutes for both the [superior degree] offense and the proposed inferior degree offense 'proscribe but one offense' ") (quoting *State v. Foster*, 589 P.2d 789, 794 (1979)). Residential burglary requires more offensive conduct than second-degree burglary. A determination that residential burglary encompasses too much (potentially nonviolent) conduct to constitute a categorical crime of violence therefore necessarily compels the conclusion that second-degree burglary is not a categorical crime of violence either.

conviction."); *Corona-Sanchez*, 291 F.3d at 1212 ("[A] pre-sentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition."); *see also id.* at 1211 ("Charging papers alone are never sufficient.").

**[5]** The district court failed to consider Guerrero-Velasquez's signed plea agreement,[4] in which he pled guilty to second-degree burglary.[5] "By pleading guilty, [a defendant] admit[s] the factual allegations in the indictment." *Rodriguez-Rodriguez*, 393 F.3d at 857. The charging information stated that, "with intent to commit a crime against a person or property therein," Guerrero-Velasquez "enter[ed] or remain[ed] unlawfully in a building located at 1405 Landon Avenue, Yakima, Washington, *the residence of Rena Ramirez*." (emphasis added).[6] By pleading guilty, Guerrero-Velasquez admitted all of the facts charged in the information; therefore, the court may properly take judicial notice that he was convicted of burglarizing a dwelling. *See, e.g., Taylor*, 495 U.S. at 602; *United States v. Hernandez-Hernandez*, ___ F.3d ___, No. 02-30429 (9th Cir. Dec. 16, 2005) (relying on stipulations

---

[4]In exchange for his plea, the prosecution dropped a charge of first-degree burglary and a charge of simple assault.

[5]We note that second-degree burglary is an offense gradation of burglary, a larger form of illegal conduct clearly contemplated to be a crime of violence. *See* footnote 3, *supra*. We therefore find that the statutory definition of second-degree burglary, which expressly excludes burglaries of dwellings, does not render it a categorically nonviolent crime for purposes of the advisory federal sentencing guidelines. Accordingly, we need not, and do not, reach the question of whether a limited factual inquiry is appropriate under *Taylor* when the crime of conviction is categorically not one of violence. We also note that, as it is used in Washington's statute, the word "dwelling" refers to that word's definition under Washington law. This differs from the definition of "dwelling" under federal law, which is the relevant question for purposes of the guidelines. *See Wenner*, 351 F.3d at 972-73.

[6]The record is clear that this building was an occupied dwelling at the time of the burglary; defendant does not dispute this.

that were the factual basis for a guilty plea to determine that defendant's prior conviction was for a crime of violence); *Rodriguez-Rodriguez*, 393 F.3d at 857-58 (holding that because defendant's conviction contained the element of "burglary of a dwelling" which was not a required element of the state crime for which he was convicted, it was a crime of violence under the sentencing guidelines); *Corona-Sanchez*, 291 F.3d at 1211 ("[I]f a defendant enters a guilty plea, . . . court[s] may consider the charging documents . . . to determine whether [he has] pled guilty to the elements of the generic crime."); *U.S. v. Sweeten*, 933 F.2d 765, 769-70 (9th Cir. 1991) (finding error when the district court applied *Taylor*'s modified categorical approach without considering the defendant's indictment and guilty plea). *Compare Wenner*, 351 F.3d at 974 ("The government does not point to a signed plea agreement . . . demonstrat[ing] that Wenner was convicted as charged . . . .") *with Corona-Sanchez*, 291 F.3d at 1211 ("[C]harging papers may be considered in combination with a signed plea agreement.").

[6] The defense attempts to distinguish these cases by arguing that Guerrero-Velasquez entered an *Alford* plea for the burglary in question—that is to say he pled guilty to receive a lower sentence while maintaining his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970). This contention is without merit. Whether or not a defendant maintains his innocence, the legal implications of a guilty plea are the same in the context of the modified categorical approach under *Taylor*. The question under the sentencing guidelines is whether a defendant has "a *conviction* for a . . . crime of violence," not whether the defendant has admitted to being guilty of such a crime. *See* U.S.S.G. § 2L1.2(b)(1)(A) (2003) (emphasis added).

We note that our approach is in accord with that of the Second Circuit, the only other federal court of appeals to have issued a published opinion addressing a similar question. In *Abimbola v. Ashcroft*, 378 F.3d 173 (2d Cir. 2004), that court

concluded that an *Alford* plea was a conviction for purposes of the Immigration and Naturalization Act. In doing so, it drew no greater distinction between an *Alford* plea and any other guilty plea than we do here. *See id.* at 181 (noting that the relevant question is whether there was a conviction, "as opposed to an admission of guilt"); *id.* ("As the plain language indicates, 'conviction' includes a guilty plea. An *Alford* plea *is* a guilty plea."); *id.* ("The fact that his conviction was the result of an *Alford* plea is immaterial . . . ."); *id.* at 180 ("We agree with the district court that Abimbola's argument is meritless.").

## III.   CONCLUSION

**[7]** Because the district court misapplied the modified categorical approach under *Taylor* in sentencing Guerrero-Velasquez, we vacate his sentence and remand to the district court for resentencing under the discretionary guidelines. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc); *Rodriguez-Rodriguez*, 393 F.3d at 858.

VACATED and REMANDED.