**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Davis BRYANT, Defendant–**
**Appellant.**

**No. 05–30574.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Oct. 2, 2006.

---

James A. McDevitt, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Dawn Reynolds, Esq., Dawn Reynolds, Esq., Attorney at Law, Dallas, OR, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, KLEINFELD and BEA, Circuit Judges.

MEMORANDUM *

Michael Davis Bryant appeals his conviction and sentence following his guilty plea to "felon in possession of a firearm" in violation of 18 U.S.C. § 922(g)(1).

■ The firearm was found in the trunk of his brother's car, parked in front of Bryant's mother's residence. Bryant claims that the gun should have been suppressed as the fruit of the poisonous tree rooted in the allegedly unlawful search of the mother's residence. Under the terms of his probation, Bryant had consented to searches of his person, property, and residence. He contends that the officers did not have reasonable suspicion to believe that the premises searched constituted his residence. He relies upon the fact that he had provided a different address for his residence to his probation officer.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The district court found that the probation officer had reasonable suspicion to believe that Bryant was not living at the address he provided, but was living instead at his mother's house. This finding was not clearly erroneous. The probation officer testified that Bryant could not be found at the address he had given, and a police officer testified that both a friend and a relative of Bryant told the officer Bryant was living at his mother's house. This information was confirmed by a confidential informant and by the fact that petitioner had been seen by officers at the searched residence both before the day of the search and before the search itself. The district court's finding of reasonable suspicion was not clearly erroneous. *See, e.g., United States v. Watts,* 67 F.3d 790, 794 (9th Cir.1995), *rev'd on other grounds,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

■ Bryant challenges his sentence on the ground that the district court erroneously relied upon an *Alford* plea as one of the prior convictions making him a career offender. We have held to the contrary. *United States v. Guerrero–Velasquez,* 434 F.3d 1193, 1197 (9th Cir.2005). Finally, the district court did not err in holding that Bryant's state riot offense is a "violent felony" for purposes of sentence enhancement under 18 U.S.C. § 924(e)(1).

AFFIRMED.