**Israel CASTELLANOS–SANCHEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–74333.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 23, 2006.

Leon Rosen, Law Offices of Amesbury & Schutt, Las Vegas, NV, for Petitioner.

Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Israel Castellanos–Sanchez, a native and citizen of El Salvador, petitions for review of a removal order concluding that he is an aggravated felon. We review de novo. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004).

To determine whether an offense satisfies the aggravated felony requirement of 8 U.S.C. § 1227(a)(2)(A)(iii), we compare the offense and the definition of aggravated felony under federal law, beginning with a categorical approach. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under the categorical approach, an offense qualifies as an aggravated felony if the full range of conduct covered by the applicable criminal statute so qualifies. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1203–04 (9th Cir.2002) (en banc). Under the "modified" categorical approach, an offense qualifies as an aggravated felony if the actual offense of which the petitioner was convicted so qualifies. *Sareang Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.2000).

As pertinent, an aggravated felony is "a crime of violence ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The term of imprisonment for Petitioner's crime is, concededly, greater than one year. Therefore, the question is whether his offense qualifies as a "crime of violence" under 18 U.S.C. § 16(a). " '[T]he force necessary to constitute a crime of violence [ ] must actually be violent in nature.' " *Sareang Ye*, 214 F.3d at 1133 (second alteration in original) (quoting *Solorzano–Patlan v. INS*, 207 F.3d 869, 875 n. 10 (7th Cir.2000)).

Assuming, without deciding, that battery with intent to commit a crime, under Nev.Rev.Stat. § 200.400, is not categorically a crime of violence, *cf. Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1020 (9th Cir.2006), Petitioner nevertheless pleaded guilty to a crime of violence. We "may consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment." *Corona–Sanchez*, 291 F.3d at 1211 (citing *United States v. Bonat*, 106 F.3d 1472, 1476–78 (9th Cir.1997)). " 'By pleading guilty, [a defendant] admit[s] the

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

factual allegations in the [charging document].'" *United States v. Guerrero-Velasquez,* 434 F.3d 1193, 1197 (9th Cir.2006) (first two alterations in original) (quoting *United States v. Rodriguez-Rodriguez,* 393 F.3d 849, 857 (9th Cir.2005)). In this case, Petitioner pleaded guilty to count one of the amended information, and thus admitted to "wilfully ... grabbing [the victim] by the arm & forcing her down on the couch, causing her to hit her head," all with the intent to sexually assault her.

PETITION DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.