**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rodrigo Manuel VERA–JARA,
Defendant—Appellant.**

No. 06–30426.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2007 *.

Filed May 10, 2007.

Robert A. Ellis, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Nicolas Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

After pleading guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326, Rodrigo Vera–Jara appeals the district court's application of a 16-point enhancement under the United States Sentencing Guidelines ("Guidelines") based on a finding that Vera–Jara had committed a crime of violence prior to being deported. U.S.S.G. § 2L1.2(b)(1)(A)(ii). We affirm.

Vera–Jara argues that the district court erred in determining that his Washington convictions for residential burglary and attempted residential burglary qualified as "crimes of violence" because the government did not demonstrate that Vera–Jara burglarized a dwelling, as that term is construed in the Guidelines.

Because the scope of Washington's residential burglary exceeds the federal definition of burglary of a dwelling, a conviction under R.C.W. § 9A.52.025 does not categorically constitute a conviction for a crime of violence. *United States v. Wenner*, 351 F.3d 969, 973 (9th Cir.2003). Nevertheless, in *United States v. Guerrero–Velasquez*, 434 F.3d 1193 (9th Cir.2006), we held that where a defendant pleads guilty to an indictment specifically alleging that he burglarized a residence at a particular street address, the court may take judicial notice of the fact that the defendant burglarized a dwelling for the purpose of applying the Guidelines. *Id.* at 1197. The indictment for Vera–Jara's Washington convictions specifically stated that he burglarized "130 Gilbert Road, Zillah, Washington, the residence of Elma Longoria." No more is required under *Guerrero–Velasquez*. Accordingly, we affirm the district court.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

