UNITED STATES of America, Plaintiff—Appellee,

v.

Gary RUSHWAM, Defendant— Appellant.

No. 07–10245.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 28, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Andrew W. Duncan, Esq., USLV–Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Gary Rushwam appeals his jury conviction and sentence of 188 months for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction and sentence.

We review de novo whether a defendant's Fourth, Fifth, or Sixth Amendment rights were violated. *United States v. Van Poyck*, 77 F.3d 285, 290 (9th Cir.1996) (Fourth Amendment); *United States v. Hernandez*, 476 F.3d 791, 796 (9th Cir. 2007) (Fifth Amendment); *United States v. Ortega*, 203 F.3d 675, 679 (9th Cir.2000) (Sixth Amendment).

■ We reject Rushwam's argument that the district court's admission of recorded telephone calls that Rushwam made from jail constituted a Fourth, Fifth, or Sixth Amendment violation. Rushwam had no reasonable expectation of privacy in the outbound calls he made from jail, *Van Poyck*, 77 F.3d at 291, and the recorded conversations were not the result of a government-initiated interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Ortega*, 203 F.3d at 680.

We review de novo a district court's rulings on a motion to suppress and the validity of a search warrant. *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir.2007). "A magistrate judge's finding of probable cause is entitled to great deference and this court will not find a search warrant invalid if the magistrate judge had a 'substantial basis' for concluding that the supporting affidavit established probable cause." *Id.*

ed by 9th Cir. R. 36–3.

We reject also Rushwam's argument that the search warrant was not supported by probable cause, and that the firearms were not in plain view. The totality of the circumstances supports a determination that probable cause for the search warrant existed. *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Furthermore, the firearms were lawfully seized pursuant to the plain-view doctrine because: 1) Officer Hernandez was lawfully present in the room where the firearms were located pursuant to the search warrant; 2) the incriminating nature of the firearms was immediately apparent because Officer Hernandez knew that Rushwam was a convicted felon; and 3) Officer Hernandez had a lawful right to seize the firearms as evidence of a crime because he knew that Rushwam was a convicted felon. *See United States v. Wong,* 334 F.3d 831, 838 (9th Cir.2003).

We review de novo whether a jury instruction accurately describes the elements of the charged offense. *United States v. Heredia,* 483 F.3d 913, 921 (9th Cir.2007) (en banc). We review for abuse of discretion whether the required factual foundation for the requested instruction exists. *Id.*

Rushwam's argument that the district court's possession instruction did not provide the jury with an explanation of constructive possession fails also. The district court's instruction was taken almost verbatim from the Ninth Circuit Model Jury Instruction. *See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS § 3.18 (2007). "This instruction is all-inclusive. There is no need to attempt to distinguish further between actual and constructive possession and sole and joint possession." *Id.* at cmt. This instruction sufficiently covers constructive possession.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Finally, we review de novo "a district court's conclusion that a prior conviction may be used as a sentencing enhancement." *United States v. Gallaher,* 275 F.3d 784, 789 (9th Cir.2001).

The plain language of 18 U.S.C. § 924(e)(1) requires that the defendant have "three previous convictions." Because an *Alford* plea may properly be considered a conviction for the purposes of imposing a sentence enhancement, we reject Rushwam's argument that the district court improperly used two prior *Alford* pleas to calculate his sentence enhancement. *See United States v. Guerrero-Velasquez,* 434 F.3d 1193, 1194, 1197 (9th Cir.2006).

**AFFIRMED.**