UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven Darrell DIAMOND,
Defendant–Appellant.

No. 07–30492.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Jan. 22, 2009.

Lisca Borichewski, Assistant U.S., Helen J. Brunner, Esquire, Assistant U.S., Aravind Swaminathan, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Russell Victor Leonard, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: GOULD, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Steven Diamond appeals his 144–month sentence with three additional years of supervision resulting from his conviction for bank robbery in violation of 18 U.S.C. § 2113(a) and (f). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

Diamond contends that the district court erred in determining that his 1994 conviction for violating 18 U.S.C. § 111(a)(1)

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

could serve as a predicate offense for a career offender enhancement under the U.S. Sentencing Guidelines Manual section 4B1.1. He argues further that the district court improperly applied the modified categorical approach to his conviction because the conviction was obtained through a plea of *nolo contendere* pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

This circuit recognizes that an *Alford* plea serves as the equivalent of a guilty plea for the purposes of determining whether the crime of conviction is a crime of violence. *See United States v. Guerrero–Velasquez*, 434 F.3d 1193, 1197–98 (9th Cir.2006). We do not here decide whether assault with a deadly weapon on a federal officer in violation of 18 U.S.C. § 111 is categorically a crime of violence under U.S. Sentencing Guidelines Manual section 4B1.2(a) because the statute has been changed since Diamond's 1994 conviction. Even so, our review of the judicially-noticeable documentation of the indictment and judgment of conviction, including the plea colloquy, is sufficient to establish that Diamond's prior conviction satisfied all of the elements of a crime of violence. Therefore, the district court properly determined, employing the modified categorical approach, that this conviction constitutes a crime of violence under U.S. Sentencing Guidelines Manual section 4B1.1. Using a vehicle to assault a deputy United States Marshal certainly qualifies for the enhancement on the 1994 record as we read it.

Because the sentence imposed was reasonable, we affirm. *See United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006); *United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.2006), *cert. denied*, 547 U.S. 1158, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

AFFIRMED.