NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-35525 |
| Plaintiff - Appellee, | D.C. Nos. 6:08-cv-70026-AA, 6:03-cr-60122-AA-1 |
| v. | |
| JESSE WADE POWELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted December 8, 2010
Seattle, Washington

Before: O'SCANNLAIN and PAEZ, Circuit Judges, and KENDALL, District Judge.[**]

Petitioner Jesse Wade Powell ("Powell"), a federal prisoner, appeals from the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

his sentence. Powell argues that he was wrongly sentenced as an armed career criminal. We have jurisdiction pursuant to §§ 1291, 2253, and 2255; and we affirm.

In 2004, Powell pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Government gave notice of five prior felony convictions from the State of Oregon[1] to support sentencing Powell as an armed career criminal pursuant to 18 U.S.C. § 924(e) ("the ACCA"). The ACCA imposes a fifteen-year mandatory minimum term of imprisonment for an offender with three prior convictions "for a violent felony or a serious drug offense." *Id.* § 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). Concluding that Powell had at least three prior convictions that

---

[1]The Government listed four prior felony convictions in Count I of the Indictment and included the fifth in its sentencing memorandum. At sentencing, the Government stated that it was not relying on the fifth felony conviction—a first-degree burglary conviction that was the result of a burglary that occurred on the same day as Powell's other 1994 burglary conviction, was charged in the same indictment as that conviction, and resulted in a concurrent sentence.

qualified as "violent felon[ies]," the district court sentenced Powell as an armed career criminal.

After the Supreme Court decided *Begay v. United States*, 553 U.S. 137 (2008), Powell moved pursuant to 28 U.S.C. § 2255 to vacate his sentence, arguing that his conviction for third-degree assault no longer qualified as a violent felony under the residual clause of the ACCA and, as such, he was improperly sentenced as an armed career criminal. The district court denied Powell's motion, finding that even without his third-degree assault conviction, Powell's 1993 and 1994 first-degree burglary convictions and his 2000 conviction for coercion were enough to support his sentence under the ACCA.

Powell concedes that two of his first-degree burglary convictions constitute predicate felonies; he argues, however, that the district court erred in relying on his coercion conviction because: (1) the court did not rely on that conviction when sentencing him as an armed career criminal, and (2) the coercion conviction is not a violent felony under the residual clause of the ACCA. We review de novo a district court's denial of a § 2255 motion. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

In sentencing Powell as an armed career criminal, the district court referenced Count I of the Indictment, which expressly stated that Powell had a prior conviction

3

for coercion. When imposing its sentence, the district court found that Powell was an armed career criminal "because [he had] three prior Oregon convictions for violent felonies." The court stated that he had three, rather than five, predicate felonies because § 924(e) only requires three. The district court specifically held that the burglary, assault, and coercion convictions were "crimes of violence." Thus, the record, including the sentencing memoranda and the transcript of the sentencing hearing, indicates that the district court included Powell's coercion conviction as a predicate felony when it sentenced him as an armed career criminal.

We thus turn to whether Powell's coercion conviction is a "violent felony" under the residual clause of the ACCA. The coercion statute to which Powell pleaded guilty is overinclusive and criminalizes some conduct that would not qualify as a predicate offense, and we therefore apply a modified categorical approach in determining whether he was necessarily convicted of or pleaded guilty to the generic crime. *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also United States v. Jennings*, 515 F.3d 980, 992 (9th Cir. 2008) (applying the modified categorical approach to the ACCA's residual clause). Under that approach, if the defendant pleaded guilty to the prior offense, we may examine "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the

4

plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

We agree with the district court that Powell's conviction for coercion supports his sentence as an armed career criminal. On February 22, 2000, Powell pleaded guilty, by *Alford* plea, to the crime of coercion. Relevant here, under Oregon law, a person can be convicted of coercion if he

> compels or induces another person to engage in conduct from which the other person has a legal right to abstain, or to abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person refrains from the conduct compelled or induced or engages in conduct contrary to the compulsion or inducement, the actor or another will:
>
> (a) Unlawfully cause physical injury to some person.

Or. Rev. Stat. § 163.275(1)(a). Subsections (b) through (g) of the statute describe non-violent consequences such as property damage, falsely accusing someone of a crime, or testifying falsely, which is not violent conduct. *Id*. § 163.275(1)(b)–(g). The crime of coercion thus has three distinct elements: "[T]he accused must (1) compel a victim to do something; that (2) the victim has a right not to do; by (3) making the victim afraid that if he or she does not do it, one of the enumerated consequences [here, physical injury] will result." *State v. Phillips*, 135 P.3d 461, 465 (Or. Ct. App. 2006) (citations omitted). While the statute does not specify a mens rea,

5

Oregon law provides that "if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence." Or. Rev. Stat. § 161.115(2). A conviction for intentionally or knowingly violating subsection (a) of the coercion statute falls within the residual clause because it both presents a serious potential risk of physical injury to another and it involves purposeful, violent, and aggressive conduct. *See United States v. Crews*, 621 F.3d 849, 855 (9th Cir. 2010) (stating that acting knowingly under Oregon law "is sufficiently 'purposeful, violent, and aggressive' under *Begay* to fall within the residual clause"). Recklessly or negligently violating subsection (a), however, or violating subsections (b)–(g) with any mens rea, would not qualify as a predicate offense after *Begay*. Thus, because the statute is overbroad, Oregon coercion is not categorically a violent felony.

Looking to the judicially noticeable documents in the record, we must next determine whether the Government has shown that Powell's plea "necessarily" rested on facts identifying his conviction as a predicate offense, *see Shepard*, 544 U.S. at 21, specifically, whether he pleaded guilty to intentionally or knowingly violating subsection (a) of the statute.

6

Here, the record includes Powell's state court indictment and the judgment of conviction. In Count 2 of the Oregon indictment, Powell was charged with coercion in violation of "Or. Rev. Stat. § 163.275/Class C Felony." Although the indictment does not cite a particular subsection of the coercion statute, it describes conduct that falls within subsection (a), parrots the phrase "unlawfully cause physical injury" from such subsection, and charges that Powell "knowingly" committed the conduct described. Thus, the indictment charges that Powell knowingly violated subsection (a)—conduct that falls within the definition of "violent felony."

Powell pleaded guilty to the narrowed coercion offense charged in the indictment. The judgment of conviction states that Powell had "been indicted for the crime[] . . . of COERCION, Count 2" and that he was "found guilty of the crime of COERCION, Count 2 . . . by [A]lford plea . . . ." By pleading guilty to the coercion charge in the indictment, Powell necessarily admitted to facts identifying his conviction as a predicate offense. *See United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc) (concluding that the defendant's prior conviction was a crime of violence where the charging document charged him with two burglaries—one generic (Count 1) and one not (Count 2)—and the minute order of judgment stated only that he entered a *nolo contendere* plea to Count 1); *United States v. Bonat*, 106 F.3d 1472, 1477 (9th Cir. 1997) (concluding that despite an overbroad

7

burglary statute, the defendant's prior conviction was a violent felony where the charging document only charged the defendant with generic burglary because when the defendant "pled guilty to the crime charged in the Information, he necessarily pled guilty to generic burglary").

The fact that Powell pleaded guilty while maintaining his innocence, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), does not change our analysis in this case. First, our precedent makes clear that an *Alford* plea may support a sentence under the ACCA. *See United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006) ("Whether or not a defendant maintains his innocence, the legal implications of a guilty plea are the same in the context of the modified categorical approach under *Taylor*."). Further, Powell's *Alford* plea is immaterial in this case because his plea of guilty to the charge in the indictment makes it unnecessary to rely on a plea declaration or transcript of a plea colloquy as proof that he admitted to predicate conduct when confirming the factual basis for his plea. By charging that Powell knowingly violated subsection (a) of the Oregon coercion statute, the charging document in this case narrowed the overbroad coercion statute to a crime that amounted to a predicate offense. Showing that Powell pleaded guilty as charged to a generically limited charging document, even by *Alford* plea, is enough to prove that his prior conviction is a predicate offense. *See Shepard*, 544 U.S. at 20-21 (stating

that "the details of a generically limited charging document" can, "in any sort of case," support a finding that a prior conviction "'necessarily' rested on the fact identifying the [crime] as generic").

This distinguishes Powell's case from cases in this and other circuits involving *Alford* or similar pleas in which courts have found that the record is insufficient to support a finding that the conviction is a "violent felony." In *United States v. Vidal*, for example, the defendant was charged with "willfully and unlawfully driv[ing] and tak[ing] a vehicle," but the written plea and waiver of rights form showed that the defendant pleaded guilty only to "driving a stolen vehicle." 504 F.3d 1072, 1075 (9th Cir. 2007) (en banc) (internal quotation marks omitted). The court concluded that the record "fail[ed] to establish the factual predicate for [the defendant's] plea of guilty," because it did not contain a recitation of the factual basis for the defendant's plea, a plea hearing transcript, or a copy of the judgment of conviction. *Id*. at 1087. According to the court, "[w]hen, as here, the statute of conviction is overly inclusive, 'without a charging document that narrows the charge to generic limits, the only certainty of a generic finding lies . . . in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea.'" *Id*. at 1088–89 (quoting *Shepard*, 544 U.S. at 25).

In *United States v. Alston*, the defendant was charged with and pleaded guilty to an overbroad second-degree assault statute. 611 F.3d 219, 221 (4th Cir. 2010). During the plea hearing, the state prosecutor proffered evidence of conduct that would constitute a violent felony, but the defendant "agreed only that if the case were tried, 'the State's witnesses would testify' as indicated in the proffer." *Id*. at 222. The court concluded that "a prosecutor's proffer of the factual basis for an *Alford* plea does not satisfy the requirements of the modified categorical approach." *Id*. at 226; *see also United States v. DeJesus-Ventura*, 565 F.3d 870, 878–79 (D.C. Cir. 2009) (holding that the court cannot rely on a factual proffer accompanying a defendant's *nolo contendere* plea under the modified categorical approach); *United States v. Savage*, 542 F.3d 959, 966 (2d Cir. 2008) (in a case with an *Alford* plea, finding it inappropriate to rely on a plea colloquy that contained no factual admissions). In doing so, however, the court distinguished cases like Powell's, in which "the underlying charging document narrows the charge to a crime that amounts to a predicate offense." *Alston*, 611 F.3d at 226 (citing *Shepard*, 544 U.S. at 25). Because Powell pleaded guilty as charged to a generically limited charging document, the record is sufficient to prove that his prior conviction is a predicate offense. Thus, we hold that Powell's Oregon conviction for coercion, on which the district court relied

10

when sentencing him as an armed career criminal, qualifies as a "violent felony" under the residual clause.

Even if Powell's 2000 coercion conviction did not count as a "violent felony," however, we would still affirm the district court's application of the ACCA in this case because Powell also has a third first-degree burglary conviction that supports his enhanced sentence. *See United States v. Cortez-Arias*, 403 F.3d 1111, 1114 n.7 (9th Cir. 2005) (stating that we may "affirm on any ground supported by the record even if it differs from the rationale of the district court"); *Pollard v. White*, 119 F.3d 1430, 1433 (9th Cir. 1997) ("We review a district court's dismissal of a habeas corpus petition de novo and may affirm on any ground supported by the record, even if it differs from the rationale of the district court.").

As amended in 1988, the ACCA requires that a defendant's violent felony convictions be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Thus, prior convictions may be considered only for purposes of enhancement under the ACCA if they constitute "two separate and distinct criminal episodes." *United States v. Antonie*, 953 F.2d 496, 499 (9th Cir. 1991). "The rule [is that] offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing." *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993).

11

Here, Powell was convicted on October 4, 1994 of two counts of burglary in the first degree. While the two burglaries took place on the same day, were charged in the same indictment, and resulted in concurrent sentences, the two convictions "arose from two separate and distinct criminal episodes" because the burglaries occurred at two separate locations, at different times, and were perpetrated against different victims. *Antonie*, 953 F.2d at 499. Accordingly, Powell's second 1994 first-degree burglary conviction also counts as a "violent felony" under the ACCA. *See United States v. Phillips*, 149 F.3d 1026, 1032 (9th Cir. 1998) (concluding that the defendant's "robberies of two different stores involving two different victims constitute[d] separate criminal episodes for purposes of the ACCA"); *Antonie*, 953 F.2d at 499 (holding that the defendant's two armed robberies, committed forty minutes apart in different cities and against different victims, qualified as two separate convictions for ACCA purposes); *United States v. Wicks*, 833 F.2d 192, 193 (9th Cir. 1987) (reviewing a prior version of the ACCA and affirming the district court's application of the ACCA where two of the defendant's three burglary convictions resulted from burglaries that took place on the same night, but at different locations, were prosecuted together, and resulted in concurrent sentences).

Because the district court correctly concluded that Powell had been convicted of at least three "violent felon[ies]" at the time he committed his felon-in-possession offense, we affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**

**United States v. Powell, No. 09-35525**

PAEZ, Circuit Judge, dissenting:

I respectfully dissent. I can not agree with the majority that Powell's prior coercion conviction qualifies as a violent felony under the Armed Career Criminal Act (ACCA). In applying the modified categorical approach, the majority misreads the text of the coercion judgment and fails to properly apply our en banc opinion in *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc). Because Powell pleaded guilty to the coercion charge by an *Alford* plea, there are no judicially noticeable facts on which we can rely to determine whether Powell's conviction qualifies as a violent felony. I would therefore reverse the district court's denial of Powell's § 2255 motion, and remand with directions to grant the motion and to resentence Powell.

As the Supreme Court has emphasized, our critical task in modified categorical analysis of a prior conviction obtained by guilty plea is to determine what facts the defendant "necessarily admitted." *Shepard v. United States*, 544 U.S. 13, 24 (2005). In accordance with this principle, the en banc court in *Vidal* held that where "the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase 'as charged in the Information.'" *Vidal*, 504 F.3d at 1087 (some internal quotation marks omitted).

1

If the indictment does not contain this critical language, we may not rely on the facts alleged in the indictment to determine whether a prior conviction qualifies as a violent felony. *Id.*; *see also United States v. Wenner*, 351 F.3d 969, 974 (9th Cir. 2003) (holding that a prior conviction did not qualify as an ACCA violent felony where the record did not contain "a signed plea agreement or judgment of conviction that would demonstrate that Wenner was convicted *as charged*").

In reviewing Powell's prior coercion conviction, we are presented with a record that includes only the indictment and the judgment of conviction. The judgment states that Powell was "found guilty of the crime of COERCION, Count 2 . . . by alford plea." The judgment does not state that Powell pled "guilty as charged," or that he admitted facts "as charged in the Information." Thus, our task is exceptionally straightforward: *Vidal* prohibits us from considering the facts alleged in the indictment in determining whether Powell's coercion conviction qualifies as an ACCA violent felony. Although our *Vidal* holding on this issue is directly on point, the majority's attempt to distinguish it, for the reasons explained below, is not persuasive.

The majority's willingness to notice the facts alleged in the indictment is problematic in this case because Powell was found guilty of coercion by an *Alford* plea. An *Alford* plea is one in which the defendant "voluntarily, knowingly, and

2

understandingly consent[s] to the imposition of a prison sentence even [though] he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). As our sister circuit has explained, "[t]he distinguishing feature of an *Alford* plea is that the defendant does not confirm the factual basis for the plea." *United States v. Savage*, 542 F.3d 959, 962 (2d Cir. 2008). The majority asserts that "[b]y pleading guilty to the coercion charge in the indictment, Powell necessarily admitted to facts identifying his conviction as a predicate offense." Memo. 7. I disagree with this statement for several reasons.

First, the majority's repeated assertion that Powell "ple[d] guilty to the coercion charge in the indictment" is imprecise and misleading. The judgment of conviction does not indicate that Powell pled guilty "as charged" in the indictment; it states that Powell was "found guilty of the crime of COERCION, Count 2 . . . by alford plea." The majority's repeated statements that Powell pled guilty as charged misrepresents the text of the judgment of conviction. *See* Memo. 7–8, 10.

Second, because Powell's judgment of conviction does not indicate that he pled guilty "as charged," I disagree with the majority's conclusion that Powell's *Alford* plea "necessarily admitted" the facts contained in the indictment, particularly because the defining attribute of an *Alford* plea is that it does not admit

3

guilt. *Doe v. Woodford*, 508 F.3d 563, 566 n.2 (9th Cir. 2007); *Savage*, 542 F.3d at 962. In *Vidal*, we analyzed a defendant's prior conviction, which had been obtained pursuant to *People v. West*, 3 Cal.3d 595 (1970). As we have noted, a *West* plea "is the California equivalent of an *Alford* plea." *Doe,* 508 F.3d at 566 n.2. We explained in *Vidal* that "[b]y entering a *West* plea a defendant [does] not admit the specific details about his conduct on the counts [to which] he pled guilty . . . a *West* plea, without more, does not establish the requisite factual predicate to support a sentence enhancement." 504 F.3d at 1089 (internal quotation marks omitted). This reasoning applies with equal force to the record of Powell's *Alford* plea. Because the judgment of conviction does not indicate that Powell pled guilty "as charged," his *Alford* plea alone does not clarify what facts—if any—his plea admitted.[1]

---

[1] To support its assertion that Powell's *Alford* plea "necessarily admitted" the facts contained in the indictment, the majority cites *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam) and *United States v. Bonat*, 106 F.3d 1472, 1477 (9th Cir. 1997). Neither case supports the majority's proposition. The problem with the majority's reliance on *Snellenberger* is that *Snellenberger* involved a *nolo contendere* plea, not an *Alford* plea. 548 F.3d at 701. Therefore, *Snellenberger* does not control our analysis. The problem with the majority's reliance on *Bonat* is twofold. First, *Bonat* did not involve a prior conviction obtained by an *Alford* plea so, like *Snellenberger*, it is inapposite. 106 F.3d at 1477. Second, the judgment of conviction in *Bonat* "show[ed] that Bonat did in fact plead guilty to second degree burglary **as charged in the Information**." 106 F.3d at 1477 (emphasis added). Thus, *Bonat* does not support the majority's conclusion that Powell's *Alford* plea—which did not state

4

Moreover, the majority's reliance on *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006) is misplaced. In *Guerrero-Velasquez* we wrote that a defendant who pleads guilty by an *Alford* plea admits all facts charged in the indictment. 443 F.3d at 1197. Because *Vidal* and *Guerrero-Velasquez* are clearly irreconcilable and *Vidal* is a later en banc decision, we must "consider [ourselves] bound by [*Vidal*]" and must "reject [*Guerrero-Velasquez*] as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). I therefore disagree with the majority that *Guerrero-Velasquez* is authoritative.

Third, the majority's emphasis on the fact that the indictment against Powell was narrowed to a charge that amounts to an ACCA predicate offense misses the point. *See* Memo. 8–10. I wholeheartedly agree with the majority that where the statute of conviction is overinclusive, the charging document must "narrow[] the charge to generic limits" if we are to hold that the defendant's prior conviction qualifies as an ACCA predicate offense. Although such narrowing is *necessary*, however, it is not *sufficient* to make an indictment judicially noticeable under *Shepard*. Because the touchstone of modified categorical analysis is for us to

---

that he admitted the facts "as charged" by the government—necessarily admitted the facts alleged in the indictment.

5

determine what facts the defendant "necessarily admitted," facts alleged in the indictment are not judicially noticeable—no matter how articulately they are presented by the government—if we can not be sure that the defendant *admitted* them. In other words, without an admission by the defendant to the facts contained in the indictment, those facts are simply government allegations. Because *Vidal* prevents us from concluding that Powell necessarily admitted the allegations contained in the indictment, those allegations are not judicially noticeable. *Shepard*, 544 U.S. at 26.

I believe our analysis of Powell's coercion conviction is wholly and directly controlled by *Vidal*, so I would consider only the judgment of conviction in determining whether Powell's conviction amounts to an ACCA violent felony. The judgment indicates that Powell was convicted of coercion: an overinclusive offense that can be committed in many nonviolent ways. Without further judicially noticeable evidence of Powell's offense conduct, I would conclude that his coercion conviction does not qualify as an ACCA violent felony.

With respect to Powell's uncounted 1994 conviction of first-degree burglary, I would instruct the district court upon resentencing Powell to determine in the first instance whether this conviction qualifies as an ACCA predicate offense. Accordingly, I would reverse the district court's denial of Powell's § 2255 motion,

and remand with directions to grant the motion and to resentence Powell.[2]  I

therefore respectfully dissent.

---

[2] With respect to Powell's 1994 conviction of third-degree assault, I agree with the district court's determination that this conviction does not qualify as an ACCA violent felony because the only judicially noticeable evidence of Powell's offense conduct is the judgment of conviction, which does not unambiguously establish that his crime was a "violent felony" within the meaning of the ACCA.