PAEZ, Circuit Judge,
dissenting:
I respectfully dissent. I can not agree with the majority that Powell’s prior coercion conviction qualifies as a violent felony under the Armed Career Criminal Act (ACCA). In applying the modified categorical approach, the majority misreads the text of the coercion judgment and fails to properly apply our en banc opinion in United States v. Vidal, 504 F.3d 1072 (9th Cir.2007) (en banc). Because Powell pleaded guilty to the coercion charge by an Alford plea, there are no judicially noticeable facts on which we can rely to determine whether Powell’s conviction qualifies as a violent felony. I would therefore reverse the district court’s denial of Powell’s § 2255 motion, and remand with directions to grant the motion and to resen-tence Powell.
As the Supreme Court has emphasized, our critical task in modified categorical analysis of a prior conviction obtained by guilty plea is to determine what facts the defendant “necessarily admitted.” Shepard v. United, States, 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In accordance with this principle, the en banc court in Vidal held that where “the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase ‘as charged in the Information.’ ” Vidal, 504 F.3d at 1087 (some internal quotation marks omitted). If the indictment does not contain this critical language, we may not rely on the facts alleged in the indictment to determine whether a prior conviction qualifies as a violent felony. Id.; see also United States v. Wenner, 351 F.3d 969, 974 (9th Cir.2003) (holding that a prior conviction did not qualify as an ACCA violent felony where the record did not contain “a signed plea agreement or judgment of conviction that would demonstrate that Wenner was convicted as charged ”).
In reviewing Powell’s prior coercion conviction, we are presented with a record that includes only the indictment and the judgment of conviction. The judgment states that Powell was “found guilty of the crime of COERCION, Count 2 ... by alford plea.” The judgment does not state that Powell pled “guilty as charged,” or that he admitted facts “as charged in the Information.” Thus, our task is exceptionally straightforward: Vidal prohibits us from considering the facts alleged in the indictment in determining whether Powell’s coercion conviction qualifies as an ACCA violent felony. Although our Vidal holding on this issue is directly on point, the majority’s attempt to distinguish it, for the reasons explained below, is not persuasive.
The majority’s willingness to notice the facts alleged in the indictment is problematic in this case because Powell was found guilty of coercion by an Alford plea. An Alford plea is one in which the defendant “voluntarily, knowingly, and understandingly consentís] to the imposition of a prison sentence even [though] he is unwilling or unable to admit his participation in the acts constituting the crime.” North Carolina v. Alford, 400 U.S. 25, 37, 91 *509 S.Ct. 160, 27 L.Ed.2d 162 (1970). As our sister circuit has explained, “[t]he distinguishing feature of an Alford plea is that the defendant does not confirm the factual basis for the plea.” United States v. Savage, 542 F.3d 959, 962 (2d Cir.2008). The majority asserts that “[b]y pleading guilty to the coercion charge in the indictment, Powell necessarily admitted to facts identifying his conviction as a predicate offense.” Memo. 7. I disagree with this statement for several reasons.
First, the majority’s repeated assertion that Powell “ple[d] guilty to the coercion charge in the indictment” is imprecise and misleading. The judgment of conviction does not indicate that Powell pled guilty “as charged” in the indictment; it states that Powell was “found guilty of the crime of COERCION, Count 2 ... by alford plea.” The majority’s repeated statements that Powell pled guilty as charged misrepresents the text of the judgment of conviction. See Memo. 7-8,10.
Second, because Powell’s judgment of conviction does not indicate that he pled guilty “as charged,” I disagree with the majority’s conclusion that Powell’s Alford plea “necessarily admitted” the facts contained in the indictment, particularly because the defining attribute of an Alford plea is that it does not admit guilt. Doe v. Woodford, 508 F.3d 563, 566 n. 2 (9th Cir.2007); Savage, 542 F.3d at 962. In Vidal, we analyzed a defendant’s prior conviction, which had been obtained pursuant to People v. West, 3 Cal.3d 595, 91 Cal. Rptr. 385, 477 P.2d 409 (1970). As we have noted, a West plea “is the California equivalent of an Alford plea.” Doe, 508 F.3d at 566 n. 2. We explained in Vidal that “[b]y entering a West plea a defendant [does] not admit the specific details about his conduct on the counts [to which] he pled guilty ... a West plea, without more, does not establish the requisite factual predicate to support a sentence enhancement.” 504 F.3d at 1089 (internal quotation marks omitted). This reasoning applies with equal force to the record of Powell’s Alford plea. Because the judgment of conviction does not indicate that Powell pled guilty “as charged,” his Alford, plea alone does not clarify what facts — if any — his plea admitted.[1]
Moreover, the majority’s reliance on United States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir.2006) is misplaced. In Guerrero-Velasquez we wrote that a defendant who pleads guilty by an Alford plea admits all facts charged in the indictment. 434 F.3d at 1197. Because Vidal and Guerrero-Velasquez are clearly irreconcilable and Vidal is a later en banc decision, we must “consider [ourselves] bound by [Vidal ]” and must “reject [Guenero-Velasquez ] as having been effectively overruled.” Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc). *510 I therefore disagree with the majority that Guerrero-Velasquez is authoritative.
Third, the majority’s emphasis on the fact that the indictment against Powell was narrowed to a charge that amounts to an ACCA predicate offense misses the point. See Memo. 8-10. I wholeheartedly agree with the majority that where the statute of conviction is overinclusive, the charging document must “narrow[] the charge to generic limits” if we are to hold that the defendant’s prior conviction qualifies as an ACCA predicate offense. Although such narrowing is necessary, however, it is not sufficient to make an indictment judicially noticeable under Shepard. Because the touchstone of modified categorical analysis is for us to determine what facts the defendant “necessarily admitted,” facts alleged in the indictment are not judicially noticeable — no matter how articulately they are presented by the government — if we can not be sure that the defendant admitted them. In other words, without an admission by the defendant to the facts contained in the indictment, those facts are simply government allegations. Because Vidal prevents us from concluding that Powell necessarily admitted the allegations contained in the indictment, those allegations are not judicially noticeable. Shepard, 544 U.S. at 26, 125 S.Ct. 1254.
I believe our analysis of Powell’s coercion conviction is wholly and directly controlled by Vidal, so I would consider only the judgment of conviction in determining whether Powell’s conviction amounts to an ACCA violent felony. The judgment indicates that Powell was convicted of coercion: an overinclusive offense that can be committed in many nonviolent ways. Without further judicially noticeable evidence of Powell’s offense conduct, I would conclude that his coercion conviction does not qualify as an ACCA violent felony.
With respect to Powell’s unaccounted 1994 conviction of first-degree burglary, I would instruct the district court upon re-sentencing Powell to determine in the first instance whether this conviction qualifies as an ACCA predicate offense. Accordingly, I would reverse the district court’s denial of Powell’s § 2255 motion, and remand with directions to grant the motion and to resentence Powell.[2] I therefore respectfully dissent.

. To support its assertion that Powell’s Alford plea "necessarily admitted” the facts contained in the indictment, the majority cites United States v. Snellenberger, 548 F.3d 699, 702 (9th Cir.2008) (en banc) (per curiam) and United States v. Bonat, 106 F.3d 1472, 1477 (9th Cir.1997). Neither case supports the majority’s proposition. The problem with the majority's reliance on Snellenberger is that Snellenberger involved a nolo contendere plea, not an Alford plea. 548 F.3d at 701. Therefore, Snellenberger does not control our analysis. The problem with the majority’s reliance on Bonat is twofold. First, Bonat did not involve a prior conviction obtained by an Alford plea so, like Snellenberger, it is inappo-site. 106 F.3d at 1477. Second, the judgment of conviction in Bonat "show[ed] that Bonat did in fact plead guilty to second degree burglary as charged in the Information." 106 F.3d at 1477 (emphasis added). Thus, Bonat does not support the majority's conclusion that Powell’s Alford plea — which did not state that he admitted the facts "as charged" by the government — necessarily admitted the facts alleged in the indictment.

. With respect to Powell’s 1994 conviction of third-degree assault, I agree with the district court's determination that this conviction does not qualify as an ACCA violent felony because the only judicially noticeable evidence of Powell's offense conduct is the judgment of conviction, which does not unambiguously establish that his crime was a "violent felony” within the meaning of the ACCA.