FILED

**NOT FOR PUBLICATION**

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE LUIS QUIROZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74382<br><br>Agency No. A014-658-739<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jorge Luis Quiroz, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision finding him removable and denying his applications

for asylum, withholding of removal and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

Quiroz's conviction under Nevada Revised Statutes § 201.230 is categorically "sexual abuse of a minor" under 8 U.S.C § 1101(a)(43)(F) and is therefore an aggravated felony.  *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065-66 (9th Cir. 2003).  Contrary to Quiroz's contention, his conviction constitutes a conviction for immigration purposes.  *See United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of protection under the CAT, where Quiroz failed to show it is more likely than not he will be tortured by or with the consent, acquiescence or willful blindness of the government if removed to Mexico.  *See Silaya*, 524 F.3d at 1073.

We lack jurisdiction to consider Quiroz's contention that the BIA erred in denying CAT based in part on Quiroz's failure to identify a particular government

official whom he feared, where he failed to exhaust the claim before the BIA. *See*

*Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**